**Glen A. SYVERSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17831.**

United States Court of Appeals
Eighth Circuit.

March 22, 1965.

Sidney C. Levine and Theron Grate, Jr., Des Moines, Iowa, for appellant.

Donald A. Wine, U. S. Atty., Philip T. Riley and Jerry E. Williams, Asst. U. S. Attys., Des Moines, Iowa, for appellee.

Before BLACKMUN and RIDGE, Circuit Judges, and REGISTER, District Judge.

BLACKMUN, Circuit Judge.

Glen A. Syverson was convicted, upon his plea of guilty, of a violation in November 1961 of 18 U.S.C. § 1010 (knowingly making a false statement in a Federal Housing Administration completion certificate for the purpose of obtaining a loan). Judge Stephenson imposed a sentence of two years but tempered this by ordering confinement for only two months, suspension of the remainder of the term, and probation for four years. Syverson now appeals from the judgment entered upon his plea of guilty.

The issues raised are (a) the statute's inapplicability to the defendant, because he was not the borrower, and (b) the statute's unconstitutionality under the Fifth Amendment.

■ Nowhere in the record do we find that either of these contentions was presented to the district court by motion or otherwise. This would warrant dismissal of the appeal, Craig v. United States, 337 F.2d 28, 29 (8 Cir. 1964), cert. denied 85 S.Ct. 891; Gajewski v. United States, 321 F.2d 261, 266–267 (8 Cir. 1963), cert. denied 375 U.S. 968, 84 S.Ct. 486, 11 L. Ed.2d 416, even though a constitutional issue is present, Beck v. Washington, 369 U.S. 541, 549–554, 82 S.Ct. 955, 8 L.Ed. 2d 98 (1962); Christianson v. United States, 226 F.2d 646, 654 (8 Cir. 1955), cert. denied 350 U.S. 994, 76 S.Ct. 543, 100 L.Ed. 859. Nevertheless, in order to expedite and settle the matter, we set to one side any problem as to this particular defendant's status to present his questions here and we proceed to the merits.

■ The first issue must be decided adversely to the defense. Syverson signed the offending certificate on behalf of his company, J. & A. Home Improvements, as dealer. In any event, he is punishable as principal. Moses v. United States, 297 F.2d 621, 625–626 (8 Cir. 1961); Haakinson v. United States, 238 F.2d 775 (8 Cir. 1956).

The argument on the constitutional question is that § 1010 is incomplete and indefinite and is an arbitrary exercise of governmental power violating established concepts of due process. In more detail it is urged that (a) the statute leaves to conjecture the intended recipient of the false statement; (b) the statute's overvaluation language is subject to no definition and sets out no reasonable standard of certainty; (c) the falseness factor is not restricted to the material and the important or to the situation where the statement was made to the Federal Housing Administration and where that agency has acted upon it; (d) the statute does not have equal effect for it draws no distinction between the person who completes his act and the one who merely attempts so to do; and (e) the statute is not limited in its application to an act committed with an intent which is wrongful.

■ We find § 1010 not to be constitutionally deficient and not subject to the shortcomings asserted by the defense. It seems to us to be clear and plain on its face, capable of comprehension by a person of ordinary intelligence, neither vague nor indefinite, and directed to the performance of a carefully delineated material act intended to accomplish, through falsity, a specifically defined result affecting FHA action. It thus meets Fifth Amendment requirements as they have been prescribed for a federal statute in United States v. Harriss, 347 U.S. 612, 617–624, 74 S.Ct. 808, 98 L.Ed. 989 (1954); Jordan v. De George, 341 U.S. 223, 229–232, 71 S.Ct. 703, 95 L.Ed. 886 (1951); United States v. Petrillo, 332 U.S. 1, 5–8, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947); United States v. L. Cohen Grocery Co., 255 U.S. 81, 89, 41 S.Ct. 298, 65 L.Ed. 516 (1921); and other cases. See Connally v. General Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926).

The Ninth Circuit, in Shayne v. United States, 255 F.2d 739, 744 (9 Cir. 1958),

cert. denied 358 U.S. 823, 79 S.Ct. 39, 3 L.Ed.2d 64, has upheld this very section against charges of unconstitutionality, because of vagueness and indefiniteness, under both the Fifth and Sixth Amendments. We reach the same conclusion.

Affirmed.