**STATE of Iowa, Appellee,**

v.

**George WECKMAN, Appellant.**

**No. 54290.**

Supreme Court of Iowa.

Oct. 13, 1970.

Edward T. Harvey, Jr., Creston, for appellant.

Richard C. Turner, Atty. Gen., Max W. Gors, Asst. Atty. Gen., and John C. Platt, County Atty., Creston, for appellee.

MOORE, Chief Justice.

On July 27, 1969 an information was filed in the justice of peace court charging defendant, George Weckman, with robbing Larry A. Stark in violation of Code section 711.3. His present attorney was ap-

pointed and has continued to serve as his counsel. Following a preliminary hearing defendant was bound to the District Court. He was indicted on the charge and on August 7, 1969 appeared before the district court and entered a plea of not guilty.

On September 9, 1969 defendant appeared before Judge Kittleman and his attorney advised the court defendant wished to plead guilty and have sentence deferred. This followed:

"THE COURT: Mr. Weckman, your attorney has said that you now withdraw your plea of not guilty and enter one of guilty; is that correct?

"MR. WECKMAN: Yes, sir.

"THE COURT: Now, is this plea entered freely and voluntarily without any promise or any threat or any inducement as to punishment or sentence that can be imposed?

"MR. WECKMAN: Yes, sir.

"THE COURT: Are you aware of the fact that a plea of guilty acknowledges that you are in fact guilty of all elements of the offense? That means that by placing this man in fear or by actual violence or by fear and took from his person certain money now and that happened on or about the 27th day of July in Union County, Iowa. Those are the things that they would have to prove against you; you realize that?

"MR. WECKMAN: Yes, sir.

"THE COURT: And have you committed all those acts?

"MR. WECKMAN: Yes, sir.

"THE COURT: Yes.

"MR. HARVEY: He was charged with 711.3.

"THE COURT: I just want to call your attention, Mr. Weckman, that you are charged here with robbery without aggravation and it is a penalty of ten years. That is the penalty that can be imposed here.

"MR. WECKMAN: Yes, sir.

"THE COURT: There is no discretion on the part of the Court. I have to impose the ten years. That is, not to exceed ten years. Now, you have certain constitutional rights here. You have a right to a jury trial. If you plead not guilty you have a right to be represented by an attorney and that is also at the county's expense. You have a right to be confronted by the witnesses. You have a right to cross-examination and freedom to exercise privilege against self incrimination. Do you understand those?

"MR. WECKMAN: Yes, sir.

"THE COURT: Those are your constitutional rights that you would have there.

"MR. WECKMAN: Yes.

"THE COURT: Now, you have conferred with your attorney Mr. Edward T. Harvey, have you not?

"MR. WECKMAN: Yes, sir.

"THE COURT: And have you been satisfied with his service?

"MR. WECKMAN: Yes, sir.

"THE COURT: Well, now, how do you plead, guilty or not guilty?

"MR. WECKMAN: Guilty.

"THE COURT: You plead guilty?

"MR. WECKMAN: Yes sir. * * *."

The trial court accepted defendant's plea of guilty, deferred sentence and ordered a presentence investigation. At defense counsel's request the presentence investigation included sending defendant to the Oakdale Mental Institute for evaluation. He remained at the institute for several weeks and following his return a report from the institute was filed. It included statements that at no time did defendant appear to be psychotic or to exhibit neurotic symptoms and "He is capable of knowing right from wrong, of understanding the nature and quality of his acts, and of adhering to the right."

On January 12, 1970 defendant came before the court for pronouncement of sentence. Defense counsel then moved defendant be permitted to withdraw his plea of guilty and enter a not guilty plea. Counsel stressed the delay in completion of the presentence investigation. When addressed by the court defendant stated he had not taken a billfold from Larry Stark and he was not guilty. The minutes of Stark's testimony attached to the indictment charges defendant with taking three twenties and a ten dollar bill. When reminded of his admissions at the time his guilty plea was made, defendant made no response.

Defendant was sentenced to a term of not to exceed ten years in the men's reformatory at Anamosa and was given credit for time beginning with his original arrest.

On this appeal defendant asserts, (1) he was denied his constitutional rights to a public trial and to be confronted with the witnesses against him and (2) the trial court abused its discretion in denying his request to withdraw his plea of guilty before judgment and to enter a not guilty plea and stand trial.

■ I. The record and transcript show the trial court carefully met and complied with each of the guidelines to which we refer in State v. Lindsey, Iowa, 171 N.W. 2d 859, 861, and State v. Sisco, Iowa, 169 N.W.2d 542, 549, and that defendant's plea of guilty to the charge in the indictment was understandably and voluntarily made. Defendant does not contend otherwise.

■ II. By understandably and voluntarily entering the plea of guilty defendant waived his constitutional rights to which he refers in his first assigned error. State v. Jackson, Iowa, 173 N.W.2d 567, 570; State v. Delano, Iowa, 161 N.W.2d 66, 75; Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, 756.

III. Section 777.15 provides: "Withdrawal of plea of guilty. At any time before judgment, the court may permit the plea of guilty to be withdrawn and other plea or pleas substituted."

In considering this statute in State v. Machovec, 236 Iowa 377, 382, 17 N.W.2d 843, 846, we said: "The statute does not state that the defendant may withdraw the plea of guilty. The word 'may' refers to the authority of the court to permit such withdrawal. If the word 'may' is given its usual meaning, the clause 'the court may permit the plea of guilty to be withdrawn' clearly implies that discretion is lodged in the court and does not give a defendant an absolute right to withdraw such plea. Nor is there anything in the language of the statute or the context which would indicate any legislative intention that the word 'may' as here used, should be interpreted other than as conferring discretion upon the court to permit the withdrawal of such plea. The meaning of the statute is too clear to require extended discussion. We are satisfied it does not give a defendant an absolute right to withdraw a plea of guilty before judgment, and that our decisions to the contrary are erroneous in principle."

■ The rule is now clear that if a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear or persuasion, the court may without abusing its discretion refuse to permit its withdrawal. State v. Sisco, supra, Iowa, 169 N.W.2d 542, 545; State v. Hellickson, Iowa, 162 N.W.2d 390, 395; State v. Krana, Iowa, 159 N.W.2d 413, 416; State v. Bastedo, 253 Iowa 103, 111, 112, 111 N. W.2d 255, 260.

■ We do not find the trial court abused his discretion in refusing withdrawal of defendant's plea of guilty.

We find no reversible error.

Affirmed.

All Justices concur.