STATE of Iowa For the Use of the CITY
OF DUBUQUE, Appellee,

v.

Vincent A. CONRAD, Appellant.

No. 54670.

Supreme Court of Iowa.

Nov. 11, 1971.

**649**

Reynolds, Kenline, Roedell, Breitbach & McCarthy, Dubuque, for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., John J. Goen, County Atty., and William A. Conzett, Asst. City Atty., Dubuque, for appellee.

PER CURIAM:

On August 24, 1970 defendant, Vincent A. Conrad, was arrested and charged with driving a motor vehicle while his operator's license was under suspension. He was charged with violation of section 3.4 of Dubuque Municipal Ordinance 33–46. As pertinent here, section 3.4 is identical with the provisions of Code section 321.218. Both provide that if any person drives a motor vehicle while his operator's license is under suspension he is guilty of a misdemeanor and upon conviction shall be punished by imprisonment for not less than two days or more than thirty days. Each provides the sentence shall not be suspended by the court.

On trial to the court in Dubuque Municipal Court defendant was found guilty and sentenced to five days in jail. He appealed to the District Court as a matter of right and was tried de novo. Code sections 602.25, 602.44 and 762.48.

Most of the facts were stipulated on trial in the District Court. Defendant's attorney, Mr. Klauer, advised the trial judge the only question involved was defendant's claim he did not receive adequate notice of his suspension. Testimony was directed primarily to that issue. The court found defendant was fully aware of the suspension and held him guilty as charged. Defendant was thereafter sentenced to ten days in jail and has appealed to this court.

Defendant's appeal attorney assigns two errors. It is asserted (1) the Dubuque City Ordinance is unconstitutional as a violation of Article III of the Iowa Constitution and Iowa Code chapter 368 and (2) the penalty was in violation of the due process clause of the United States Constitution. Neither of these contentions was made at any stage of the proceedings in the District Court. They are raised for the first time in this court.

I. We have consistently held that ordinarily matters not raised in the trial court, including constitutional questions, cannot be effectively asserted the first time on appeal. State v. Franklin, Iowa, 163 N.W.2d 437, 441; State v. Allnutt, Iowa, 158 N.W.2d 715, 717; State v. Everett, Iowa, 157 N.W.2d 144, 148; State v. Wallace, 261 Iowa 104, 107, 152 N.W.2d 266, 268. See also Syverson v. United States, 8 Cir., 342 F.2d 780, 781, certiorari denied 384 U.S. 961, 86 S.Ct. 443, 15 L. Ed.2d 364.

II. The provisions of the ordinance were known at the time of the trial. Defendant's cited cases, North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L. Ed.2d 656, and State v. Pilcher, Iowa, 171 N.W.2d 251, regarding increased penalty on appeal were decided well before trial of the case at bar. As we pointed out in State v. LaMar, 260 Iowa 957, 969, 970, 151 N.W.2d 496, 503, we have adequate procedure, if followed, to properly determine the constitutional questions involved and there is a legitimate interest and a sound public purpose to be served which requires that the trial court be apprised of the questions of law involved.

III. Under this record we must adhere to the above stated rule. We give defendant's two assigned errors no further consideration. We affirm the judgment of the District Court.

Affirmed.