Joseph K. MAJKO, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 71–1357.

United States Court of Appeals, Seventh Circuit.

March 16, 1972.

Joseph K. Majko, pro se.

Stanley B. Miller, U. S. Atty., Charles Goodloe, Jr., Asst. U. S. Atty., Indianapolis, Ind., for respondent-appellee.

Before KILEY, STEVENS and SPRECHER, Circuit Judges.

PER CURIAM.

On April 24, 1970, petitioner pleaded guilty to violations of 18 U.S.C. §§ 7 and 13. The date is important, because it was more than one year after the Supreme Court's decision setting out guidelines for the acceptance of guilty pleas per Rule 11, Fed.R.Crim.P. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

■ We believe it is our duty to review the record for compliance with Rule 11, although petitioner did not specifically raise the McCarthy issue in his *pro se* § 2255 petition (nor did the U.S. Attorney call it to our attention). United States v. Briscoe, 428 F.2d 954 (8th Cir. 1970); *cf.* Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *Contra,* Fields v. United States, 438 F.2d 205 (2d Cir.), cert. denied, 403 U.S. 907, 91 S.Ct. 2214, 29 L.Ed.2d 684 (1971). This duty is a corollary to the "plain-error" rule enunciated in Screws v. United States, 325 U.S. 91, 107, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945), that a reviewing court must take note of fundamental errors on its own motion.

At the plea hearing, the district judge questioned the petitioner on the following topics: whether he understood that he was choosing between entering a guilty plea in Indiana and standing trial in California, where the information and indictment had been returned; whether he had read the information and indictment; and whether he had discussed the nature of the offenses and the maximum penalties with his appointed lawyer. The judge told petitioner what his rights would be if he stood trial in California, informed him of the maximum penalties, and explained that a guilty plea would be an admission of what was stated in the charges against him. The judge then accepted petitioner's pleas of guilty to all 12 counts against him and pronounced an executed sentence.

■■ The judge made no inquiry as to petitioner's understanding of the nature of the charges, as *McCarthy* requires. Nor did he meet a second *McCarthy* requirement, investigating the factual basis of the plea. Reading the indictment and asking whether a defendant has discussed the charge with his attorney does not satisfy *McCarthy*. United States v. Cody, 438 F.2d 287 (8th Cir. 1971). The judge also failed to question petitioner as to the voluntariness of his plea, whether it was the result of threats or promises.

Petitioner in his § 2255 petition attacked his guilty plea on the basis that his attorney promised he would get probation, and that a probation officer told him most defendants in situations like his got probation if they pleaded guilty. We need not consider this somewhat dubious claim, however, because the transcript of the hearing reveals that the dictates of *McCarthy* were not followed and that petitioner must have a second opportunity to plead to these charges.

We therefore reverse the dismissal of the § 2255 petition and set aside petitioner's guilty pleas. Following the *McCarthy* procedure, we remand the case for a hearing at which petitioner may plead anew.