**STATE of Iowa, Appellee,**

v.

**Lynn Michele WISHER, Appellant.**

No. 55818.

Supreme Court of Iowa.

April 24, 1974.

Jerald W. Kinnamon, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., William G. Faches, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

MASON, Justice.

Lynn Michele Wisher appeals from judgment imposing sentence under what is now section 204.410, The Code, 1973, following his conviction of possession with intent to deliver a controlled substance in violation of section 204.401. The Uniform Controlled Substances Act was enacted by the First Regular Session of the Sixth-fourth General Assembly, chapter 148 and now appears in chapter 204 of the 1973 Code.

A county attorney's information was filed December 27, 1971, in Linn County, charging Wisher with the crime of possession with intent to deliver a controlled substance, to wit: marijuana. The crime is a felony punishable by imprisonment for a term not to exceed five years and by a fine of not more than $2,000. Defendant initially entered a plea of not guilty. August 4, 1972, however, he withdrew the former plea and tendered a plea of guilty to the offense charged.

The trial court in a commendable fashion thoroughly questioned and advised Wisher pursuant to the standards for accepting a guilty plea set out in State v. Sisco, 169 N.W.2d 542 (Iowa 1969). After determining that defendant's guilty plea was a voluntary and intelligent act done with actual knowledge of the existence and meaning of his constitutional rights involved and with full understanding of the charge made against him and the direct consequences of the plea and being satisfied there was a factual basis for the plea, the court accepted defendant's tendered plea.

In regard to the factual basis for the plea, defendant admitted possessing several tins of marijuana amounting in total weight to about 12 pounds. At this time also the court granted defendant's request for an accommodation hearing pursuant to section 204.410, The Code.

After hearing evidence presented at the accommodation hearing which comprises 40 pages of the record the trial court ruled defendant had not established by clear and convincing evidence he possessed the marijuana with intent to deliver only as an accommodation to another person. The court ordered a presentence investigation prior to sentencing defendant for the felony offense of possession with intent to deliver.

From the record it is clear no attack on the constitutionality of section 204.401 was made at any time up to and including the accommodation hearing. Two days before sentencing defendant filed a motion to withdraw the guilty plea and to proceed to trial. The alleged factual basis for withdrawal was that defendant entered the guilty plea without full knowledge of the consequences of such a plea. Essentially, it is asserted defendant consented to the plea upon advice of counsel he would be sentenced for a lesser charge upon findings from the accommodation hearing.

Other allegations were that defendant was innocent of the charge and acceptance of the plea and simultaneous allowance of an accommodation hearing was inconsistent as a matter of law. The basis for this latter argument was the contention sections 204.401 and 204.410 constituted separate offenses and defendant could not plead guilty to one with the expectation of sentencing to the other. The plea of guilty was allegedly invalid because of the possibility of sentencing for a misdemeanor which involved a different element than required for a felony.

It was also alleged a trial should be granted because section 204.410 provided for an affirmative defense at a trial and not mitigation of guilt. In effect defendant appears to argue here section 204.410 establishes a defense usable only at a trial for a felony charge pursuant to section 204.401(3); therefore, the guilty plea should be withdrawn and a trial allowed. Clearly, this allegation did not allege section 204.410 was unconstitutional.

Finally, the motion alleged that regulation of marijuana denied defendant due process.

Trial court overruled the motion and thereafter sentenced defendant to imprisonment in the men's reformatory for a period not to exceed five years and assessed a fine of $500.

I. Defendant in seeking reversal contends in the one assignment of error asserted section 204.410, The Code, insofar as it places the burden of persuasion on a defendant to prove he is entitled to the reduced penalty of its provisions denies a defendant due process of law. In support of this assignment defendant also argues the procedure established by section 204.410 is unconstitutional in that it denies a defendant equal protection.

In written argument counsel who did not represent defendant at the sentencing stage concedes the question of whether the legislature may constitutionally shift the burden of persuasion to a defendant and require him to establish an independent fact in order to receive a reduced punishment has been affirmatively answered by this court in State v. Vietor, 208 N.W.2d 894 (Iowa 1973). Nevertheless, he urges this court to reconsider its holding in that case pursuant to section 793.18, The Code, even though the constitutional question was not expressly raised in the trial court.

Section 793.18 provides: "Decision of supreme court. If the appeal is taken by the defendant, the supreme court must examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands; it may affirm, reverse, or modify the judgment, or render such judgment as the district court should have done, or order a new trial, or reduce the punishment, but cannot increase it."

In regard to preservation of error and review under section 793.18, State v. Galvan, 181 N.W.2d 147, 149 (Iowa 1970), has

this statement: " * * * However, the statutory duty of the Supreme Court under section 793.18 of the Code to review the record in a criminal case without regard to technical errors or defects does not apply where proper or timely objections were not made."

The same principle is repeated in somewhat different words in State v. Thomas, 190 N.W.2d 463, 465 (Iowa 1971), in this manner: "Our statutory duty to review the record without regard to technical errors or defects which do not affect substantial rights of parties (§ 793.18, Code, 1971) does not mandate a reversal where errors asserted below are not raised on appeal or where proper objections were not made below to errors assigned in this court. * * * [citing authorities]." See also State v. Slater, 261 Iowa 554, 559, 153 N.W.2d 702, 705, where several of our decisions announcing this principle are cited.

Ordinarily, issues not raised in the trial court, including constitutional questions, cannot be effectively asserted the first time on appeal. State v. Burtlow, 210 N.W.2d 438, 439 (Iowa 1973); State v. Bruno, 204 N.W.2d 879, 884 (Iowa 1973); and authorities cited in these opinions.

In State v. Wisniewski, 171 N.W.2d 882, 886–887 (Iowa 1969), we recognized as an exception to the general rule certain circumstances where a defendant may raise in this court for the first time a right arising after his trial. In the cited case we neither departed from nor diluted the rule that failure to assert a known or existing right in the trial court is fatal. The exception noted in *Wisniewski* does not aid defendant here.

In regard to the specific question here involved, challenge to the constitutionality of a statute, the general principle is that the question must be raised in trial court or it is deemed waived. State v. Smith, 247 Iowa 500, 503, 73 N.W.2d 189, 190 and State for City of Dubuque v. Conrad, 191 N.W.2d 648, 649 (Iowa 1971). Under the interpretation afforded section 793.18 that

section does not require review of a question of a statute's constitutionality where such issue was not raised in trial court.

We have adequate procedure, if followed, to properly determine the constitutional questions involved and there is a legitimate interest and a sound public policy to be served by a procedural rule which requires that the trial court be apprised of the questions of law involved. State for City of Dubuque v. Conrad, 191 N.W.2d at 649.

Defendant's motion does not challenge the constitutionality of section 204.410; his constitutional attack was made in paragraph 8 of his motion in regard to regulation of marijuana under section 204.204. Defendant himself concedes the issue raised on this appeal was not raised in trial court. Under this record no issue is presented upon this appeal. State v. Tokatlian, 203 N.W.2d 116, 120 (Iowa 1972) and authorities cited.

The case is therefore

Affirmed.