**Michael A. RYAN, Appellant,**

**v.**

**IOWA STATE PENITENTIARY, FT. MADISON, Iowa, L. V. Brewer, Warden, Appellee.**

**No. 56407.**

Supreme Court of Iowa.

May 22, 1974.

John F. Veldey, Marshalltown, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., and Ronald M. Kayser, County Atty., for appellee.

HARRIS, Justice.

This appeal from a postconviction proceeding presents two claims. Petitioner urges his plea of guilty should be set aside for want of showing it had a factual basis. And he argues the trial court should have granted his request to withdraw the plea when he appeared for sentencing. We agree there was insufficient showing of a factual basis but conclude the judgment only, not the plea itself, must therefore be set aside. We find no error in the trial court's refusal to allow withdrawal of the guilty plea.

Michael A. Ryan (petitioner) was charged by county attorney's information with the crime of false drawing or uttering of checks in violation of section 713.3, The Code. He was arraigned December 10, 1971, at which time the information was read in his presence. It charged:

"That the said Michael A. Ryan on or about the 11th day of June, A.D.1971 in the County of Marshall, in the State of Iowa, did unlawfully and willfully and feloniously and with fraudulent intent make, utter, draw, deliver or give as true and genuine a check in writing purporting to be a bank check drawn upon the Cedar Falls Trust and Savings Bank, Cedar Falls, Iowa, dated June 11, 1971, in the amount of $20.67 for the purpose of securing money, credit or other things of value therefor and knowingly not having an arrangement, understanding or funds with such Bank sufficient to meet or pay the same, all in violation of section 713.3 of the 1971 Code of Iowa and against the peace and dignity of the State of Iowa. Said check being as follows: Ryan's Landscaping & Handyman Service June 11, 1971 No. 151. 102½ East 3rd Street. Cedar Falls, Iowa, 50613. Pay to the order of Cashway Lumber Store. $20.67 Twenty dollars and 67/100 cents. (signed) Michael A. Ryan."

One week later defendant appeared in court to answer to this charge at which time a record was made which included the following:

"THE COURT: All right. Now if you say, 'I am guilty,' then you are, in effect, saying, 'I did what they charged me with, and I admit it and I am guilty as I am charged.'

"DEFENDANT: Yes, I understand that.

"THE COURT: Do you understand that?

"DEFENDANT: Yes, Your Honor, I do.

"THE COURT: Is it real clear to you?

"DEFENDANT: Yes, Your Honor, it is.

"THE COURT: All right. Now, do you wish to plead guilty or not guilty?

"DEFENDANT: Guilty.

"THE COURT: That is, you are telling me, in effect, 'I did the things I am charged with?'

"DEFENDANT: Yes, sir.

"THE COURT: You have told me that you are entering a plea of guilty because you, in fact, did what it charged you here in the county attorney's information?

"DEFENDANT: Yes, Your Honor.

"THE COURT: Is there a factual basis for the plea, Mr. Kaiser (the county attorney)?

"MR. KAISER: Yes, Your Honor. I have investigated this matter, and there is a factual basis for this plea."

As provided by section 789.2, The Code, defendant later appeared for pronouncement of judgment. At that time, but before sentence was pronounced, he asked and was denied permission to withdraw his guilty plea. Petitioner produced witnesses he claimed would testify to his innocence. The refusal by the trial court to allow withdrawal of the plea is separately assigned as error.

The first assignment is upon petitioner's claim the record is insufficient for the requirement " * * * the court should not enter a judgment upon such plea without making such inquiry as may satisfy it that there is a factual basis for the plea." A.B.A. Minimum Standards for Criminal Justice, Pleas of Guilty, 1.6. We expressly adopted this standard in State v. Sisco, 169 N.W.2d 542, 548 (Iowa 1969).

I. Petitioner's first challenge is addressed to only one of the four Sisco requirements. We are not involved with the claim the court failed to " * * * address the accused personally and by that procedure * * * determine whether he [1] understands the charge made, [2] is aware of the penal consequences of the plea, and [3] that it is entered voluntarily. * * *." State v. Sisco, 169 N.W.2d at 549.

In the nearly five years since Sisco most of our cases calling for its application or interpretation have involved one or more of the above showings. The required showing of a factual basis for the plea has been a less frequent subject for appeal. We have consistently held a showing of a factual basis for the plea is necessary under Sisco. Young v. Brewer, 190 N.W.2d 434 (Iowa 1971); State v. Quinn, 197 N.W.2d 624 (Iowa 1972); State v. Taylor, 211 N.W.2d 264 (Iowa 1973); State v. Wisher, 217 N.W.2d 618 (Iowa 1974).

On the basis of the facts presented in the various challenges we have always found substantial compliance with the requirement to show a factual basis. Trial courts throughout the state have generally met the requirement by the procedure so often recommended. They have asked the defendant himself to tell what he did. For example see the record disclosed in State v. Taylor, supra:

"THE COURT: What did you actually do?

"THE DEFENDANT: Took money from the Skelly Station." 211 N.W.2d at 265.

■ In this appeal we must decide whether an acknowledgment by petitioner that he actually did what he was charged with is sufficient for a showing of a factual basis. We conclude it is not in this case, even though the county attorney's information had been read in his presence at arraignment the week before.

The exact question has not previously been presented to us. It has however been the subject of a number of federal appeals under Fed.R.Crim.P. 11. For such interpretation the federal courts look to McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). These interpretations become of considerable interest in this determination when it is remembered we relied heavily on McCarthy in deciding Sisco. The federal circuits generally agree a reading of the charge followed by the accused's acknowledgment that he did what he is charged with will not suffice. United States v. Cody, 438 F.2d 287 (8 Cir. 1971); Majko v. United

States, 457 F.2d 790 (7 Cir. 1972); United States v. Steele, 413 F.2d 967 (2 Cir. 1969). Only the third circuit seems to have reached a contrary result. Paradiso v. United States, 482 F.2d 409 (3 Cir. 1973). We approve the following language by Judge Lay in United States v. Cody:

■ "* * * This determination can be made other than through the defendant's own statements. As pointed out in *McCarthy,* the Advisory Committee on Criminal Rules has suggested three methods of determining that a factual basis exists for a guilty plea: (1) inquiring of the defendant, (2) inquiring of the prosecutor, and (3) examining the presentence report. (Citation). The government's argument that this was fulfilled by the prosecutor reading from the indictment in the presence of the defendant falls far short of demonstrating any factual basis for the defendant's plea. * * *." (Emphasis in the original). 438 F.2d at 289.

In the present case the trial court did not ask the prosecutor to relate the factual basis. The prosecutor was merely asked whether he believed one existed. We have no reason to question the forthrightness of the county attorney. However we cannot hold the fourth Sisco requirement is satisfied by an expression on the part of the prosecutor indicating there is a factual basis for the plea. Common courtroom experience leads us to believe a prosecutor will generally think there is a factual basis for the case he is prosecuting.

A careful examination of the inquiries undertaken of this petitioner by the judge indicates the petitioner's attention was directed to his understanding of the charge and the voluntariness of his plea. In those vital connections the record made was excellent. But, although an argument to the contrary might be made, we cannot understand the questions were addressed to the factual basis. Since *we* cannot understand they were so addressed we are in no position to assume the *petitioner* did. Such an understanding by petitioner is essential to the State's claim petitioner conceded the facts when he admitted the charge.

While the county attorney's information was well drawn and did detail facts essential to the charge, it was read a week prior to the trial court's inquiry. More importantly, it was necessarily couched in the technical language of the criminal statute. Formal criminal accusations almost of necessity include verbiage which might be expected to confound and confuse one unaccustomed to legal parlance. There was no sufficient showing of a factual basis.

We are not insensitive to the forces brought to bear upon a busy trial judge. We have no wish to add to those forces by prescribing a continually expanding litany for courtroom routines. Except to state again we believe a guilty plea is a matter of no small importance we should put behind us the arguments for and against the rationale in Sisco. The Sisco requirements have been in force now for half a decade. The easiest way for trial courts to lighten their criminal work load is to exhaustively and meticulously comply with those requirements. Any time so expended will be saved a hundredfold in postconviction hearings that could and should be avoided.

II. This is the first case in which we have held there was not a sufficient showing of a factual basis. For that reason it has heretofore been unnecessary for us to consider the effect of such a failure. Under past circumstances it has sufficed to list the factual basis together with the other three Sisco requirements. See for example State v. Wisher, supra. Perhaps as a result, the petitioner believes and urges a failure to satisfy Sisco's factual basis requirement necessitates setting the plea aside.

A re-examination of the authorities adopted in Sisco leads us to conclude otherwise. The factual basis requirement, as we have noted, is derived from the A.B.A. Minimum Standards for Criminal Justice,

Pleas of Guilty, 1.6. The requirement is quite specific as to when it arises:

■ "Notwithstanding the *acceptance of a plea* of guilty, the court *should not enter a judgment* upon such plea without making such inquiry * * *." (Emphasis added).

It is apparent the showing of a factual basis, under the standard, may, but need not, be made prior to the acceptance of the plea. The requirement can be met any time before judgment is pronounced.

■ It follows the plea need not be set aside but the judgment pronouncing sentence (chapter 789, The Code) must be. The case must be remanded for further proceedings at which the court shall entertain the required showing of a factual basis. The showing may be undertaken by any of the three methods suggested in United States v. Cody, supra. If such a showing is not satisfactorily made the plea shall be set aside. If the showing is made the court will proceed in accordance with chapter 789, The Code.

■ III. Petitioner also assigns as error the trial court's refusal to allow him to withdraw his guilty plea. We understand this assignment to be aside from that discussed in Division II. It is addressed to the trial court's refusal to allow defendant to withdraw the plea when he appeared for sentencing accompanied by his witnesses. Section 777.15, The Code, allows such a withdrawal at any time before judgment. However since the filing of our opinion in State v. Machovec, 236 Iowa 377, 17 N.W. 2d 843, that right is not absolute. State v. Weckman, 180 N.W.2d 434 (Iowa 1970) states the rule:

"The rule is now clear that if a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear or persuasion, the court may without abusing its discretion refuse to permit its with-

drawal. (Authorities)." 180 N.W.2d at 436.

We find no abuse of discretion in the trial court's refusal.

Reversed in part and remanded for further proceedings.

All Justices concur except LeGRAND, J., MOORE, C. J., and REES, J., who dissent.

LeGRAND, Justice (dissenting).

I dissent from the result reached by the majority because I feel there was substantial compliance with the principles laid down in State v. Sisco, 169 N.W.2d 542 (Iowa 1969). It is the majority, not the trial court, which retreats from the *Sisco* rule by sacrificing substance for form and by exacting from trial courts the very thing *Sisco* said was not intended—a ritualistic reverence for formalism.

As I read the majority opinion, it says there would have been a sufficient factual basis if defendant had said, "I wrote a check knowing that I had no funds in the bank and intending to obtain money I was not entitled to." (See reference to State v. Taylor, 211 N.W.2d at 265, in majority opinion.)

I cannot distinguish between that and what happened here. It is tweedledum or tweedledee. The trial court read the charge to defendant. It alleged in substance defendant had drawn a check on a designated bank with fraudulent intent to obtain money thereby, knowing he had no funds in the bank. In response to an inquiry from the court, defendant said he had done the very acts he was charged with.

I have read and re-read the information and I am unable to find the "technical language" or the "verbiage" which is said might "confound" or "confuse" one not versed in the law. No one could read the information and reach any conclusion except that he was charged with passing a worthless check. It is impossible to make

anything more difficult than that out of the plain and direct language used.

To say otherwise is to distort the plain meaning and the announced purpose of *Sisco*.

I would affirm.

MOORE, C. J., and REES, J., join in this dissent.