STATE of Iowa, Appellee,

v.

Doris Mae WELLINGTON, Appellant.

No. 59792.

Supreme Court of Iowa.

April 19, 1978.

Frank G. Wieslander, P. C., Altoona, for appellant.

Richard C. Turner, Atty. Gen., Thomas A. Evans, Jr., Asst. Atty. Gen., and Gary L. Wiegel, County Atty., for appellee.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, REES and HARRIS, JJ.

REES, Justice.

Defendant Doris Mae Wellington was indicted by the grand jury of Henry County for the crime of perjury (two counts), in violation of § 721.1, The Code, 1975. She was tried, convicted, sentenced and appeals. We affirm.

The defendant was subpoenaed to appear before the Henry County grand jury on September 17 and 18, 1975 to be examined concerning an explosion which occurred on or about September 7, 1975 in which her husband Walter Wellington was killed. She testified under oath before the grand jury on September 17 and 18, which was within a few days after the burial of her husband and, while she contends she was

upset and under medication, she testified on both dates in substance that she had no knowledge of the circumstances of the explosion which had occurred behind the Mt. Pleasant bank on September 7.

The grand jury for the first calendar quarter of 1976 for Henry County convened on March 1, 1976, and on March 2 an indictment was returned accusing the defendant of perjury (two counts) in violation of § 721.1, The Code, charging that she had testified falsely under oath before the grand jury of Henry County on September 17 and 18 to the effect that she had no knowledge of the circumstances of the explosion. She was tried to a jury, found guilty on both counts, and sentenced to two concurrent terms of not to exceed ten years in the Women's Reformatory and was placed on probation.

Defendant states the following issues for review:

(1) That the trial court erred in refusing to permit the defendant an opportunity under §§ 770.3 and 770.5, The Code, to challenge the grand jury which indicted her when she had requested such an opportunity prior to entering a plea.

(2) That the introduction of evidence at trial as to defendant's refusal to take a lie detector test during her grand jury testimony in September, 1975 constitutes reversible error.

(3) That the failure of the trial court on its own motion to submit to the jury an instruction on the quantitative evidence rule in the perjury prosecution constitutes reversible error.

(4) That the spirit of § 793.18, The Code, requires this court after an examination of the entire record to reverse and remand for a new trial due to defendant's claim she was denied substantial rights at her trial.

▮ I. The defendant contends that the trial court erred in refusing to allow the defendant an opportunity to challenge the grand jury under §§ 770.3 and 770.5 of the Code, 1975.

Prior to the convening of the March grand jury, a preliminary information had been filed on February 25, 1976, charging the defendant with perjury. The warrant was issued and defendant was arrested. A preliminary hearing was scheduled but not held. Following the return of the indictment by the March grand jury, defendant was taken into custody on a bench warrant.

The defendant appeared in open court on March 8, 1976, was arraigned, and was given until April 1 to plead. On April 9 she filed her challenge to the grand jury pursuant to §§ 770.3 and 770.5 of the Code, 1975. She challenged the panel of the grand jury under § 770.3 on the basis that she was not given notice that the grand jury was considering her case and, therefore, she had no opportunity to challenge individual jurors under § 770.5. As a result, she claims that the grand jury was not selected, drawn or summoned as prescribed by law since she had no opportunity to challenge under § 770.5. She also asserted a challenge to all of the members of the grand jury individually under § 770.5 on the basis that they did not have the qualifications as required by law and some or all may have expressed opinions on the guilt of the defendant.

On a stipulated record, the trial court took the matter under advisement and on April 15, 1976 filed its ruling in which it concluded that a challenge under § 770.3 can only be made on the grounds that the grand jury was not selected, drawn or summoned as provided by law, that a challenge to individual jurors under § 770.5 can only be made before the grand jury is sworn, and held that the record did not substantiate the allegations in the petition. On such bases the trial court overruled the challenge to the grand jury.

We have reviewed the record and find no error on the part of the trial court. There is no authority to indicate a grand jury is not selected, drawn or summoned as provided by law (which is the only statutory basis for a challenge to a panel under § 770.3), when a defendant is not given notice that a grand jury is considering an indictment against the defendant. Therefore, the trial court did not err in refusing to sustain the

challenge under § 770.3. Also, the court's refusal to sustain the challenge under § 770.5 was correct since it was not made before the grand jury was sworn, as prescribed by the statute. See *State v. Olson*, 249 Iowa 536, 546–547, 86 N.W.2d 214, 221. We also note that the trial court concluded the record did not substantiate the defendant's allegations of her challenge to the grand jury.

Our review of the record constrains us to conclude the trial court was correct in its ruling on defendant's challenge to the grand jury panel and individual members thereof. We find no merit in the defendant's contention otherwise.

■ II. Defendant contends the introduction of evidence upon the trial of her case to the effect that defendant had refused to submit to a polygraph test was error requiring a reversal.

When defendant appeared before the September grand jury, she was questioned extensively by Assistant Attorney General Woodward as to her knowledge of her husband's suspected activity in trafficking in stolen automobiles. She was also asked to state who the people were at the scene of the explosion although there was no indication she herself had been at the scene. The following colloquy appeared in the record:

"Q. There's—of course, I suppose, the thing you could do the most for us of all on this, is to put to rest what—who the people were at the scene of the explosion?

"A. I don't know who was there. I wasn't there.

"Q. I know that you weren't there, but did you hear who was there?

"A. No, I didn't.

"Q. You did not?

"A. I—all I know was my husband must have been there.

"Q. But you don't know of anyone else?

"A. No.

"Q. On that single point, that single point alone, would you be willing to take a lie detector test?

"A. No I'm not going to subject myself to that either."

At the trial of the case the State introduced the entire transcript of defendant's testimony before the September grand jury, and read into the record the portion thereof which is above set out. No objection was made to the introduction of defendant's grand jury testimony as an exhibit.

The defendant concedes that the record is void of any objection on the part of defense counsel to the State's introduction of the fact the defendant had refused to take a lie detector test when asked to do so when testifying before the September 1975 grand jury. Defendant now contends that the introduction of the transcript as an exhibit and the interrogation of the defendant with respect thereto at her trial was misconduct to such a degree that no action of the trial court could have removed its harmful effect and that the issue may be raised for the first time on appeal.

We do not wish to be understood as condoning the references to the lie detector test and the refusal of defendant to submit to such a test, either at the September grand jury proceedings or upon the trial of this case. However, "[o]ur adversary system imposes the burden upon counsel to make a proper record to preserve error * * (citation). Our statutory duty to review the record in a criminal case without regard to technical errors or defects does not confer upon us either the duty or authority to treat the unexcused failure to make an otherwise mandatory record regarding the admissibility of evidence * * * as a mere technical error or defect. (citations)." *State v. Smith*, 228 N.W.2d 111, 112 (Iowa 1975).

As no error was preserved in this regard, we are unable to treat this issue stated for review by the defendant as being before us.

III. Defendant contends the trial court erred in failing to give to the jury an instruction as to the quantitative evidence rule, and that it was obligatory upon the court to give such an instruction upon its own motion without request of the defendant.

The State controverts this stated issue by contending that the error, if any, occasioned by the trial court's failure to instruct the jury on the quantitative evidence rule was waived by defendant's failure to request such an instruction or her failure to object to the lack of such an instruction.

Objections to instructions, or the lack thereof, may not be raised for the first time on appeal. The unexcused failure of a defendant to make a record on an instruction is not a mere technical error or defect to be disregarded on appellate review. *State v. Smith*, 228 N.W.2d at 112; *State v. Lyon*, 223 N.W.2d 193 (Iowa 1974); *State v. Wisher*, 217 N.W.2d 618 (Iowa 1974).

As no error was preserved with respect to the claimed failure of the trial court to submit to the jury an instruction on the quantitative evidence rule, we conclude there is nothing before us to review in this regard.

IV. The defendant contends the spirit of § 793.18, The Code, which requires us to examine the record without regard to technical errors or defects, would result after our review of the record in a reversal of her conviction.

We have examined the record in detail and are unable to agree with the defendant that she is entitled to a reversal on her overall assertion she was not afforded a fair trial. On the record made at the trial we find no error before us which was preserved for appellate review. This case is therefore affirmed.

AFFIRMED.