**The STATE of Iowa, Appellee,**

v.

**Clinton Morse WATSON, Appellant.**

**No. 63119.**

Supreme Court of Iowa.

Oct. 17, 1979.

John W. Ackerman, of Ackerman & Shinkle, Cedar Falls, for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., and David Correll, County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, ALLBEE, and LARSON, JJ.

HARRIS, Justice.

Do our speedy trial requirements apply to proceedings ordered as a result of a post-conviction petition? If not, does a 90-day period between a postconviction decree and the ordered further proceedings violate due process? Does the accused, at a proceeding to establish a factual basis for a guilty plea, have the right to offer evidence to contradict the State's showing? The trial court answered "no" to these three questions and we affirm.

On January 8, 1974, defendant pled guilty to breaking and entering in violation of section 708.8, The Code 1973, and was sentenced to ten years in prison. He took no direct appeal. On May 8, 1978, however, he filed this amended petition for postconviction relief on the ground there was no factual basis for his plea.

On June 29, 1978, following hearing, the trial court ruled in defendant's favor and set aside the judgment pronouncing sentence. The case was "remanded for further proceedings at which time the court shall entertain the required showing of a factual basis." Nothing further occurred until September 28, 1978, 91 days after the trial court's postconviction ruling. On that date the defendant filed a motion to dismiss on the ground the State had failed to provide a speedy trial.

Following hearing the trial court overruled the motion to dismiss, finding that no "trial" had been ordered and, hence, the speedy trial provisions were not applicable. The trial court went on to expressly find the delay was not unreasonable.

Hearing to determine a factual basis was held November 3, 1978. Defendant asserts that he asked to testify about his ingestion of alcohol and drugs the night of the crime in an attempt to show he was incapable of forming a criminal intent. He was not allowed to testify. The trial court merely asked the State what it relied on for a factual basis. Responding, the county attorney said he would rely on defendant's signed confession and the testimony of police officers who caught defendant inside the gas station he allegedly broke into.

I. Iowa R.Crim.P. 27(2)(b) provides:

If a defendant indicted for a public offense has not waived his right to a speedy trial he or she must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary [is] shown.

■ Defendant believes the first question is whether rule 27(2)(b) applies to persons who have been granted postconviction relief. But we think the focus of the question must be narrowed to match the limited extent of the postconviction relief he was actually granted. The trial court found a factual basis was lacking and hence, in accordance with *Ryan v. Iowa State Penitentiary, Ft. Madison*, 218 N.W.2d 616, 619 (Iowa 1974), remanded the case for the sole purpose of allowing the State to establish one. The question then is only whether rule 27(2)(b) applies to such a limited proceeding.

It is apparent that rule 27(2)(b) applies to trials. We believe the proceeding ordered for defendant was not a trial because a trial ends "with the verdict or other decision of the trier of fact. [Citations omitted.]" *State v. Drake*, 259 N.W.2d 862, 866 (Iowa 1977). The defendant nevertheless argues that his trial could not end until the rehearing to establish a factual basis. But we are satisfied that, since the acceptance of the defendant's plea "constitutes a conviction of the highest order," *State v. Burtlow*, 210 N.W.2d 438, 439 (Iowa 1973), the proceeding on remand concerned not the defendant's conviction but the trial court's judgment. *See Ryan*, 218 N.W.2d at 620. Rule 27(2)(b) does not apply.

■ II. With recourse to rule 27(2)(b) thus precluded, the defendant is left with the general due process right of fundamental fairness as restated in Iowa R.Crim.P. 22(1). The defendant compares his proceeding on remand to a resentencing proceed-

ing. This does seem appropriate. *Cf. Drake*, 259 N.W.2d at 866–67 (on resentencing). But even if we accept the analogy it becomes apparent that the delay in this case was not at all unreasonable. *See, e. g., Drake*, 259 N.W.2d at 866 (23-month delay upheld).

We conclude that the defendant's motion to dismiss for violation of a speedy trial was properly overruled.

■ III. The defendant separately complains of the refusal of the trial court to allow him to offer evidence at the proceeding upon remand. From our reading of the transcript of that proceeding, we have considerable doubt that the trial court can justly be charged with such a refusal. The defendant's request to testify was in support of his motion to suppress his confession. The trial court said, "[I]f I determine a motion to suppress is appropriate under these circumstances, we'll reopen the matter for evidence  .  .  . .

During the proceeding the State made ample showing of a factual basis for the plea when the county attorney recited at length from the confession which detailed the facts of the break-in. The officer to whom the confession had been given was present in court at the time. The prosecutor of course was aware of defendant's assertion that he had been under the influence of drugs and intoxicants. The factual basis was established by the prosecutor who detailed matters shown in defendant's confession.

We pass our reservations about whether error on this assignment was preserved before the trial court and hold that the proceeding upon remand did not accord the defendant the opportunity for another trial. In *Ryan*, 218 N.W.2d at 619, we adopted the standard of *United States v. Cody*, 438 F.2d 287, 289 (8th Cir. 1971):

This determination can be made other than through the defendant's own statements. As pointed our in *[McCarthy]*, the Advisory Committee on Criminal Rules has suggested three methods of determining that a factual basis exists for a guilty plea: (1) inquiring of the defendant, (2) inquiring of the prosecutor, and (3) examining the presentence report. (Citation.)

We have elsewhere noted:

Ordinarily, and preferably, this factual basis should be developed through defendant's interrogation by the court. But contrary to this defendant's apparent assumption, this jurisdiction has no requirement that trial court must in all cases wring from defendant a detailed confession satisfying each element of the offense charged. [Authorities.]

*State v. Hansen*, 221 N.W.2d 274, 276 (Iowa 1974).

Because the factual basis for defendant's plea was amply established at the proceeding there was no error in the trial court's refusal to order or allow further testimony on the question. To hold otherwise would be to negative the guilty plea which, under *Ryan*, was not withdrawn.

As all of defendant's assignments are without merit, the judgment of the trial court must be affirmed.

AFFIRMED.

All Justices concur except ALLBEE, J., who concurs in divisions I and II and in the result.