# IN THE COURT OF APPEALS OF IOWA

No. 17-0776
Filed May 2, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**DESHAUN LONTE TROMBONE,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Glen E. Pille, Judge.

DeShaun Trombone appeals the district court's sentencing order on remand. **AFFIRMED.**

Karmen R. Anderson of Anderson & Taylor, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

DeShaun Trombone entered *Alford* pleas[1] to possession of a simulated controlled substance (MDMA) with the intent to deliver, as well as another crime. On appeal, the court of appeals concluded the possession crime lacked a factual basis. *State v. Trombone*, No. 15-1696, 2016 WL 5484893, at *2-3 (Iowa Ct. App. Sept. 28, 2016). We stated:

> The minutes of testimony show officers found eighty-one "multi-colored tablets" they initially thought were MDMA, but after testing, the pills were determined to be caffeine. [It was] noted Trombone, on occasion, had taken "small yellow pills and multi-colored pills." The record lacks any specific reference to Trombone selling the caffeine pills or representing the caffeine pills as MDMA.

*Id.* at *3. We vacated this portion of Trombone's conviction and remanded "to allow the State to demonstrate whether a factual basis exists." *Id.*

On remand, the State filed a notice of additional/substituted witnesses. The notice elaborated on the nature of the pills and stated the officer's belief that the number and packaging was consistent with possession to deliver or distribute. The district court found, "[T]he additional Minutes do substantiate the charge of Possession of a Simulated Controlled Substance with Intent to Deliver." The court concluded "the original sentence shall stand." In this appeal from the remand order, Trombone contends his prior appellate attorney was ineffective in "fail[ing] to request an appropriate remedy thereby prejudicing him when he was resentenced."

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). An *Alford* plea allows a defendant to plead guilty to a crime without admitting to the underlying facts that establish the crime. *See id.*

In the first appeal, this court ordered a remedy authorized by the Iowa Supreme Court. *See Rhoades v. State*, 848 N.W.2d 22, 33 (Iowa 2014) ("Because it is possible the State can establish a factual basis, the district court should order the court in the criminal case to give the State the opportunity to establish a factual basis." (citing *State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014), and *Ryan v. Iowa State Penitentiary*, 218 N.W.2d 616, 620 (Iowa 1974))). Accordingly, Trombone cannot establish his appellate attorney was ineffective in failing to argue for a different remedy. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting forth elements of ineffective-assistance-of-counsel claim).

We affirm the district court's judgment and sentence on remand.

**AFFIRMED.**