# IN THE COURT OF APPEALS OF IOWA

No. 17-0807
Filed June 20, 2018

**REVETTE ANN SAUSER,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Delaware County, Thomas A. Bitter,

Judge.


        Revette Sauser appeals the district court's denial of her application for

postconviction relief.  **AFFIRMED.**


        Webb L. Wassmer of Wassmer Law Office, P.L.C., Marion, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.


        Considered by Doyle, P.J., Bower, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**MAHAN, Senior Judge.**

Revette Sauser pled guilty to kidnapping in the second degree, voluntary manslaughter, and going armed with intent, after fatally shooting her husband, Terry, in their home. Sauser filed a postconviction-relief application and an amended application alleging a variety of errors. The district court denied the application after a trial.

Sauser appeals, contending her trial counsel was ineffective in allowing her to plead guilty to kidnapping because the record lacked a factual basis for the charge. To prevail on her ineffective-assistance claims, Sauser must show (1) counsel breached an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "If we conclude [Sauser] has failed to establish either of these elements, we need not address the remaining element." *See State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015).

As relevant to this case, second-degree kidnapping has four elements: (1) Sauser confined Terry, (2) with the intent to inflict serious injury upon Terry, (3) knowing she did not have the consent of Terry to do so, and (4) while she was armed with a dangerous weapon. *See* Iowa Code §§ 710.1, 710.3 (2011). Sauser's challenge focuses on the confinement element of kidnapping. In Sauser's view, her statements to police "can only be construed as there being a very short time period between when she made the presence of the gun known to Terry, Terry grabbing for the gun, and the ensuing struggle for the gun and discharge of the weapon."

"Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a

factual basis to support the charge." *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). The factual basis can be discerned from "(1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010).

Here, Sauser admitted to all the elements of the crime during her plea colloquy with the court:

> COURT: On [April 3, 2011], did you bring a gun to your living room, knowing you were going to confine Terry Sauser?
> SAUSER: Yes.
> COURT: You knew you did not have the right to confine Terry Sauser during the argument that the two of you had. Correct?
> SAUSER: Correct.
> COURT: You also knew that you had the intent to inflict serious injury on Mr. Sauser, correct?
> SAUSER: Correct.
> COURT: You used the gun that you were carrying to keep Mr. Sauser confined in that space, correct?
> SAUSER: Correct.

"The defendant's admission on the record of the fact supporting an element of an offense is sufficient to provide a factual basis for that element."[1] *State v. Philo*, 697 N.W.2d 481, 486 (Iowa 2005).

Sauser acknowledges that she "admitted that she 'confined' Mr. Sauser," but she claims "that admission must be evaluated in context" because the district court "did not provide a specific definition of 'confine.'" Sauser cites no authority for her proposition that the court was required to provide a legal definition for the term "confine" where there is no indication that term "under the statute has a

---

[1] In its ruling on Sauser's application for postconviction relief, the district court found Sauser held the gun for thirty to forty-five minutes before she shot Terry and that while Sauser was sitting on her couch arguing with Terry, she texted with a friend "saying something to the effect of 'I've got my gun. He better leave me alone. I'll shoot.'"

specific meaning." *Cf. Rhoades v. State*, 848 N.W.2d 22, 30 (Iowa 2014) ("[T]he district court used technical language from the statute that was insufficient to establish a factual basis. The district court asked Rhoades if he had intimate contact with the victim. At most, we can surmise from Rhoades's affirmative response that he had some sort of sexual relations with the victim. Although we do not require a detailed factual basis, we do require the defendant to acknowledge facts that are consistent with the elements of the crime." (citations omitted)); *Ryan v. Iowa State Penitentiary*, 218 N.W.2d 616, 618 (Iowa 1974) (finding the defendant's affirmative response to the court's question "you, in fact, did what it charged you here in the county attorney's information" to be insufficient to establish a factual basis).

We determine Sauser has not shown trial counsel breached an essential duty in failing to challenge the factual basis for the kidnapping charge. *See Dempsey v. State*, 860 N.W.2d 860, 862 (Iowa 2015) ("Reversal is warranted only where a claimant makes a showing of both elements."). We affirm the denial of Sauser's postconviction-relief application.

**AFFIRMED.**

Bower, J., concurs; Doyle, P.J., dissents.

**DOYLE, Presiding Judge** (dissenting)

I respectfully dissent. I would reverse the judgment of the district court, set aside Sauser's sentence, and remand to give the State the opportunity to establish a factual basis for the kidnapping charge.

Sauser argues there was an insufficient factual basis for her guilty plea to the kidnapping charge and her counsel was therefore ineffective in allowing her to plead guilty. A factual basis to support a guilty plea is sufficient if the record at the time of the guilty plea, as a whole, discloses facts to satisfy each element of the offense. *See Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014); *State v. Ortiz*, 789 N.W.2d 761, 767-68 (Iowa 2010). The record does not need to support the defendant's guilt, but it needs to demonstrate facts that support the offense. *See Ortiz*, 789 N.W.2d at 768. In determining whether the record provides a sufficient factual basis to support the plea, we review the prosecutor's statements, the defendant's statements, the minutes of evidence, and "the presentence report, if available at the time of the plea." *Rhoades*, 848 N.W.2d at 29. Sauser argues her admission that she confined her husband Terry to the living room of their home cannot be used as a factual basis for her guilty plea to kidnapping because the legal definition of confinement was not explained to her by the court during the plea colloquy.

Sauser admitted during the plea colloquy that she knew she was going to confine Terry, knew she did not have the right to confine him, had the intent to inflict serious injury on him, and used the gun to confine him. However, the term "confine" was not defined by the court. In the context of the kidnapping statute,

confinement . . . must exceed that normally incident to the underlying crime and that confinement or removal sufficient to support a charge of kidnapping may exist if the evidence shows the confinement or removal *substantially* increased the risk of harm, *significantly* lessened the risk of detection, or *significantly* facilitated the escape of the perpetrator.

*State v. Robinson*, 859 N.W.2d 464, 478 (Iowa 2015). Thus, the term has a specific legal definition different than its common meaning. Under the circumstances, the term should have been defined during the plea colloquy. "[T]he district court's reading of the technical terms in the information and having the defendant agree to those terms is not enough to establish a factual basis for those terms. *Rhoades*, 848 N.W.2d at 30.

Furthermore, the minutes of evidence, in my opinion, do not establish a factual basis for the confinement element of the kidnapping charge. The facts in the record do not establish that Sauser confined Terry to the living room of their home. Nothing in the record establishes that she held him there at gunpoint. At best, the facts establish that, although Sauser had the gun hidden from Terry for some time prior to the shooting, there was only a short period of time between Sauser's display of the gun, Terry grabbing the gun, the ensuing struggle for the gun, and its discharge. The facts before us do not involve sufficient confinement to constitute kidnapping. *See State v. Mead*, 318 N.W.2d 440, 445 (Iowa 1982).

So, with no knowing and intelligent admission as to the confinement element of the crime, or any other factual basis for the plea concerning the confinement element, I conclude Sauser's plea counsel was ineffective in allowing Sauser to plead guilty to the kidnapping charge. "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty

anyway, counsel has failed to perform an essential duty." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). In such a case, prejudice is inherent. *See id.*

I would reverse the judgment of the postconviction-relief court and remand the case back to the district court to enter judgment finding trial counsel was ineffective, to order the sentence in Sauer's criminal case be set aside, and—because it is possible the State can establish a factual basis—to order the court in the criminal case to give the State the opportunity to establish a factual basis. *See id.* at 33 (citing *State v. Gines,* 844 N.W.2d 437, 441 (Iowa 2014); *Ryan v. Iowa State Penitentiary,* 218 N.W.2d 616, 620 (Iowa 1974)). I would also direct the criminal court to further order that if the State cannot establish a factual basis, the plea is withdrawn, and the State can proceed accordingly. *Schminkey*, 597 N.W.2d at 33 (citing *Gines*, 844 N.W.2d at 442).