STATE of Iowa, Appellee,

v.

Cynthia Lee MARSAN, Appellant.

No. 56900.

Supreme Court of Iowa.

Aug. 28, 1974.

Max O. Pelzer and Alan M. Stowell, Estherville, for appellant.

Richard C. Turner, Atty. Gen., Stephen T. Moore, Asst. Atty. Gen., and William B. Ridout, Co. Atty., for appellee.

Submitted to MOORE, C. J., and LeGRAND, REYNOLDSON, HARRIS and McCORMICK, JJ.

REYNOLDSON, Justice.

This is another in a long line of appeals in which it is claimed a plea was accepted following improper plea-hearing procedures.

The required interrogation of this defendant was exhaustive. The court meticulously explained the offense charged (larceny from the person), together with its elements in the context of those facts either admitted by defendant or contained in the minutes of each witness' evidence attached to the county attorney's information. No one contends the plea of guilty was not voluntarily and intelligently entered. But now defendant asserts trial court incorrectly accepted the plea when it was not supported by an adequate factual basis.

It is undisputed that defendant, age 18, and a friend, Shirley Kathman, were in the Friendly Tavern in Estherville, Iowa, on the night of July 24, 1973. Also present was Daniel W. Conn, whose age is variously given as 75 and as "fifty-some" in the record. He was flashing a large roll of money. According to the defendant she left the tavern with Conn, followed by Shirley Kathman,

"* * * and Shirley Kathman was behind us, and I turned around and Shirley was there and his wallet was just on the ground. And then she came up and she stood on the wallet * * *. She said 'Let's run.' So we did, and we ran across the tracks."

Defendant testified in response to questions it was Shirley Kathman who carried the wallet from where it had been dropped, Conn was protesting, and they ran to the railroad yards where they divided the money with a young man who had also been in the tavern. Defendant said she threw the wallet (from which about $1400 was taken) into an empty boxcar. She then hid in the boxcar for a time before her arrest the same evening with several hundred dollars of Conn's money in her possession.

Defendant would not admit there was any plan discussed in the tavern to take Conn's money. But at various times during the interrogation she inconsistently responded that she took the money, was helping the Kathman girl, and her intention was to spend the money.

The county attorney's information disclosed an Estherville police officer would

testify defendant gave a statement following her arrest " * * * saying that she and Shirley Kathman had taken the billfold from Daniel Conn and ran out towards the railroad tracks where Gary Smith [met] them and they split the money between the three of them * * *."

Witness Marsha K. Osberg's minutes of testimony indicated she was in the tavern on this night and defendant "came over and told her * * * Mr. Conn had approximately $1400.00 in his possession and * * * she was going to roll him * * *." Shirley Kathman's minutes of testimony stated she would testify she " * * * assisted said Cynthia Marsan in taking some money from Daniel W. Conn * * *." Conn, according to the minutes, would have testified this defendant and another girl " * * * grabbed his billfold and ran towards the railroad tracks."

■ I. Where trial court fails to properly determine a factual basis exists to support a guilty plea the remedy is not, as asserted by defendant, to set aside the plea. The proper remedy is to set aside the judgment pronouncing sentence and to remand the cause for further proceedings to make the showing of a factual basis. Ryan v. Iowa State Penitentiary, Ft. Madison, 218 N.W.2d 616, 620 (Iowa 1974). However, the record in this case does not invoke the Ryan rule.

■ II. This defendant erroneously assumes that trial court in this jurisdiction must in every plea hearing extract from the accused a confession which factually satisfies each element of the crime charged. In an opinion filed concurrently with this decision, State v. Hansen, 221 N. W.2d 274 (Iowa 1974), we disposed of that issue adversely to defendant.

■ The court's finding of factual support for the plea may be foundationed in part on the minutes of testimony attached to the county attorney's information. State v. Quinn, 197 N.W.2d 624, 625 (Iowa

1972) ; State v. Abodeely, 179 N.W.2d 347, 353 (Iowa 1970) ; State v. Vantrump, 170 N.W.2d 453, 455 (Iowa 1969).

■ We see no logic in a rule which would compel a court to reject a guilty plea intelligently and voluntarily offered by a defendant when the latter's statements, coupled with the balance of the record before the court, persuasively point to the commission of a crime and the guilt of the accused. Under such circumstances, neither the United States nor Iowa Constitutions, in our view, require that defendant be subjected to the trauma of trial or the State subjected to the expense of litigating a dead issue.

■ Defendant now asserts in any event the facts do not square with the crime of larceny from the person, § 709.6, The Code. If we assume the truth of her statement that the billfold was taken from the sidewalk at Conn's feet (after it mysteriously fell from his pocket) the charge would nontheless lie. The property, absent the thieves' intervention, was in the possession and immediate presence, charge and custody of Conn. See State v. Kobylasz, 242 Iowa 1161, 47 N.W.2d 167 (1951) (billfold taken was on the car seat beside owner) ; cf. United States v. Dixon, 152 U.S. App.D.C. 200, 469 F.2d 940 (1972).

■ Defendant's half-hearted denials she planned with others to take Conn's money are belied by the facts and minutes of witnesses' testimony. If she did so plan, aid or abet she is properly treated as a principal. Section 688.1, The Code; see State v. Jones, 253 Iowa 829, 113 N.W.2d 303 (1962). Participation in an offense may be inferred by "presence, companionship, and conduct before and after the offense is committed." State v. Buttolph, 204 N.W.2d 824, 825 (Iowa 1972), cert. denied, 414 U.S. 857, 94 S.Ct. 163, 38 L.Ed.2d 107 (1973).

We find no merit in the issues raised by this defendant. The case is affirmed.

Affirmed.