**STATE of Iowa, Appellee,**

v.

**Steven Lane RANDALL, Appellant.**

**No. 59633.**

Supreme Court of Iowa.

Oct. 19, 1977.

Gary W. Kazragis, of Rickert & Thompson Law Office, Reinbeck, for appellant.

Richard C. Turner, Atty. Gen., Ray Sullins, Asst. Atty. Gen., David Correll, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

MASON, Justice.

Defendant, Steven Lane Randall, appeals from judgment imposing sentence following his conviction based on a plea of guilty to the crime of operating a motor vehicle contrary to section 321.561, The Code.

The facts herein are undisputed. We adopt, as did the State, the facts stated by defendant in his brief to this court. "On March 19, 1976, Defendant was charged by County Attorney's Information with operating a motor vehicle while under suspension for habitual violation of the traffic laws of the State of Iowa. This was in violation of Iowa Code Section 321.561. On April 20, Defendant moved to withdraw his plea of not guilty to said charge and entered a plea of guilty. The court, in a short hearing, accepted his plea of guilty. On May 14, 1976 Magistrate Eric Knoernschild sentenced this Defendant to a term of two years at the Iowa State Reformatory at Anamosa." In his appeal defendant seeks in the alternative either vacation of the judgment or vacation of the sentence of the trial court and remand of the case for further proceedings.

Defendant's appeal presents the following issues for review:

1. Does the record herein establish the trial court determined there was a factual basis for defendant's plea of guilty?

2. Does the record herein establish the trial court did not consider alternatives to a two year sentence because it felt compelled to impose such sentence by section 321.561, The Code?

3. Is a defendant entitled to access to that part of the presentence investigation report containing the sentence recommended by the investigating officer?

I. Defendant contends the trial court erred by failing to establish a factual basis for defendant's plea of guilty as required by *State v. Sisco*, 169 N.W.2d 542, 548 (Iowa 1969). The State, on the other hand, contends the trial court determined there was a sufficient factual basis for the plea.

Because of its brevity the entire proceeding is set out as follows:

"THE COURT: This is *State of Iowa v. Steven Lane Randall*. Mr. Randall has been charged with driving while his license was suspended under the habitual violator's section which I believe is 321.560. This particular charge carries a penalty of not to

exceed two years in the penitentiary, although it is categorized as a misdemeanor still. The record indicates Mr. Snow on behalf of your client, a plea of not guilty had been entered. Do you wish to withdraw that plea at this time?

"MR. SNOW: Yes, Your Honor. At this time defendant appears in person and myself as his attorney. We would ask the defendant to withdraw his plea of not guilty and at this time enter a plea of guilty to the charge of driving while license suspended. Due to the nature of the sentence we would ask the Court if a presentence investigation might not be appropriate in this particular matter.

"THE COURT: Mr. Randall, is this your personal desire to enter a plea of guilty and withdraw your plea of not guilty?

"MR. RANDALL: Yes, sir.

"THE COURT: You have done this voluntarily and no promises have been made to you by anyone or any threats to make you plead guilty?

"MR. RANDALL: Right.

"THE COURT: And you realize the possible penalty of a maximum of two years in the penitentiary on this charge?

"MR. RANDALL: Yes, sir.

"THE COURT: All right. In consideration of those statements that you have made and the fact that you have had the advice of counsel, the Court will enter— withdraw your plea of not guilty and enter a plea of guilty on this charge. * * *."

The only further comment in the record as to defendant's plea of guilty was made by the prosecutor at the sentencing hearing. She stated as follows: "Your Honor, Mr. Randall is here for sentencing. He plead guilty on April 20, 1976."

■ The trial court must determine there is a factual basis for a defendant's plea of guilty. As stated in *Sisco,* 169 N.W.2d at 545: "Furthermore, it appears most courts now hold, even in the absence of a statute or rule so directing, sentencing judges, before accepting a guilty plea, must first determine it is voluntarily entered, with an understanding of the charge, knowledge of the criminal consequences, and there exists a factual basis supporting it. * * * [citing authority]."

■ Defendant states, "The requirement that the Court establish a factual basis for a defendant's plea of guilty is designed to complement a defendant's right to counsel under the sixth amendment to the United States Constitution. In addition, a finding that there is a factual basis for the guilty plea will aid in assuring the court that said plea is voluntary." We agree.

In *Sisco,* 169 N.W.2d at 548, we adopted the American Bar Association Minimum Standards for Criminal Justice. Section 1.6 of those standards was set out therein as follows:

"1.6 Determining accuracy of plea.

"Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as may satisfy it that there is a factual basis for the plea."

In *Ryan v. Iowa State Penitentiary, Ft. Madison,* 218 N.W.2d 616, 619 (Iowa 1974), we approved a statement from *United States v. Cody,* 438 F.2d 287, 289 (8 Cir. 1971), cert. den., 409 U.S. 1010, 93 S.Ct. 454, 34 L.Ed.2d 303, which in pertinent part is as follows:

" * * * This determination can be made other than through the defendant's own statements. As pointed out in *McCarthy* [*McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)], the Advisory Committee on Criminal Rules has suggested three methods of determining that a factual basis exists for a guilty plea: (1) inquiring of the defendant, (2) inquiring of the prosecutor, and (3) examining the presentence report. (Citation). * * *."

In *State v. Marsan,* 221 N.W.2d 278 (Iowa 1974), we recognized another source from which a factual basis could be determined. In *Marsan,* 221 N.W.2d at 280, we stated, "The court's finding of factual support for the plea may be foundationed in part on the minutes of testimony attached to the coun-

ty attorney's information. \* \* \* [citing authorities]."

From the entire brief record before us we find the trial court did not determine a factual basis existed for defendant's plea of guilty. Not one of the three questions asked defendant was directed to a determination of a factual basis for his plea. The trial court made no reference to having read any minutes attached to the county attorney's information. The trial court made no inquiry of either the prosecuting attorney or the defense attorney as to a factual basis for the plea. The trial court could not have referred to the presentence report because none existed at this point.

While we recognize the guidelines established by *Sisco* do not require a ritualistic or rigid formula for the court's interrogation, we do require meaningful compliance with the *Sisco* requirements. *Sisco*, supra, at 548; *State v. Bell*, 210 N.W.2d 423, 426 (Iowa 1973); *State v. Sargent*, 210 N.W.2d 656, 659 (Iowa 1973). Here there was no compliance, meaningful or otherwise.

We made clear in *State v. Marsan*, 221 N.W.2d at 280, a defendant is incorrect when he " \* \* \* assumes that trial court in this jurisdiction must in every plea hearing extract from the accused a confession which factually satisfies each element of the crime charged. \* \* \*." Here there was no extraction of any fact satisfying any element of the crime charged.

"One procedure cannot be right for every case; yet a right procedure must be followed in every case. \* \* \* The test of any guilty plea procedure is whether it establishes on the record that the guilty plea has been voluntarily and intelligently entered and that it has a factual basis." *Brainard v. State*, 222 N.W.2d 711, 723 (Iowa 1974). Here the procedure was not a "right" procedure.

Defendant and the State are in agreement that if there were no determination by the trial court a factual basis existed for defendant's guilty plea the proper remedy is vacation of judgment and remand for determination of whether a factual basis exists. We agree. *Ryan v. Iowa State Penitentiary*, Ft. Madison, 218 N.W.2d at 620; *State v. Marsan*, 221 N.W.2d at 280. Since there was no such determination here, we hereby vacate the judgment of the trial court and remand the case for the purpose of conducting a hearing by the trial court to determine whether a factual basis exists for defendant's guilty plea. If at the conclusion of such hearing the trial court determines that a factual basis for defendant's guilty plea exists defendant shall be resentenced. If, on the other hand, the trial court determines after such hearing no factual basis exists for defendant's guilty plea the court's acceptance of the guilty plea shall be set aside and the matter shall proceed to conclusion on defendant's not guilty plea previously tendered.

■ II. Defendant also contends the trial court did not consider alternatives to a two year sentence because the court felt compelled to impose such sentence by section 321.561, The Code.

The following portion of the trial court's comment at the sentencing stage as shown by the record herein is pertinent to this contention: " \* \* \* I don't have any alternative in this matter \* \* \* [and] I think it leaves me no alternative to impose a two-year prison sentence at Anamosa State Reformatory and that would be the sentence of this Court."

In a recent case, *State v. Robbins*, 257 N.W.2d 63, 70 (Iowa, filed August 31, 1977), we made clear " \* \* \* the legislature intended sentences under § 321.561 to be subject to probation at the trial court's discretion. \* \* \* The duty of a sentencing judge in every case is to consider available options, to give due consideration to all circumstances in the particular case, and to exercise that option which will best accomplish justice both for society and for the individual defendant. Chapter 789A sets out guidelines to assist in this task. We recently discussed a judge's obligation to exercise discretion in imposing sentence in *State v. Jackson*, 204 N.W.2d 915, 916–917 (Iowa 1973)."

On remand the trial court will be guided by our ruling in *Robbins*.

III. Defendant contends he was prejudiced by the trial court's refusal to give him access to that part of the presentence report constituting the recommendation of the investigating officer.

Both defendant and the State were given a copy of the other parts of the report but when the prosecution asked to see the recommendation, the trial court responded as follows:

"You mean—okay, no. The Court will indicate this on the record as far as the recommendation of the Department of Court Services for any sentencing that they recommend this Court to issue, the Court would not release that either to the defendant or to the County Attorney's office by its own prerogative, it's decided to keep that confidential. * * * ."

The State argues section 789A.5 gives the trial court discretion to make the presentence investigation report or parts of it available to the defendant. This statute as it appears in The Code, 1977, provides:

"Report confidential. The court may, in its discretion, make the presentence investigation report or parts of it available to the defendant, or the court may make the report or parts of it available while concealing the identity of the person who provided confidential information. The report of any medical examination or psychiatric evaluation shall be made available to the attorney for the state and to the defendant upon request. Such reports shall be part of the record but shall be sealed and opened only on order of the court. In any case where the defendant is committed to the custody of the department of social services, a copy of the presentence investigation report shall be sent to the department at the time of commitment."

Chapter 789A is repealed by the 1976 Session of the Sixty-sixth General Assembly, chapter 1245, chapter 4, section 526, effective January 1, 1978. However, chapter 3, division 1, section 104 of the Iowa Corrections Code adopts former section 789A.5 except that reports are to be sent to the Department of Adult Correction, rather than Social Services.

In this connection we deem it advisable to point out that Fed.Rules Cr.Proc. rule 32(c)(3)(A), 18 U.S.C.A., as amended effective December 1, 1975, provides:

"Before imposing sentence the court shall upon request permit the defendant, or his counsel if he is so represented, to read the report of the presentence investigation *exclusive of any recommendation as to sentence*, but not to the extent that in the opinion of the court the report contains diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality, or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons; and the court shall afford the defendant or his counsel an opportunity to comment thereon and, at the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report." (Emphasis supplied).

We concede section 4.4(a), American Bar Association Project on Minimum Standards for Criminal Justice, Sentencing Alternatives and Procedure, Approved Draft, presents a strong argument in the Commentary for disclosure. This section provides:

"(a) Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf."

Nevertheless, in view of our present statute which was enacted effective August 15, 1973, and the provision in the Iowa Criminal Code previously referred to, and the recent amendment to Federal rule 32(c)(3)(A), set out earlier, we conclude the trial court did not abuse its discretion in the respects urged by defendant.

With directions to the trial court as set out in division I hereof the case is—Remanded.