# IN THE COURT OF APPEALS OF IOWA

No. 3-1064 / 13-0388
Filed February 5, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARCUS DENIEL EARNEST,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Thomas G. Reidel,

Judge.


        Defendant appeals his conviction for child endangerment following his

guilty plea, arguing counsel rendered ineffective assistance. **REVERSED AND**

**REMANDED.**


        Mark C. Smith, State Appellate Defender, and Bradley M. Bender,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney

General, Michael J. Walton, County Attorney, and Melisa Zhaeringer, Assistant

County Attorney, for appellee.


        Considered by Doyle, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

After Marcus Earnest filed a written plea of guilty to the aggravated misdemeanor of child endangerment, the court entered judgment and imposed sentence. *See* Iowa Code § 726.6 (2011). On appeal, Earnest argues his counsel rendered ineffective assistance by failing to file a motion in arrest of judgment. Because the record shows: (1) the court failed to exercise its discretion to waive an in-court plea colloquy; (2) the court failed to determine the plea was entered "voluntarily and intelligently and had a factual basis"; and (3) the court failed to accept the written plea of guilty, counsel's failure to challenge the plea establishes ineffective assistance. We reverse and remand for further proceedings.

## I. Background Facts and Proceedings

In May 2012 Earnest was charged by trial information with child endangerment causing bodily injury, a class D felony. He initially pled not guilty. On December 12, 2012, the parties filed a written memorandum of plea agreement. Earnest agreed to enter a guilty plea to the lesser-included offense of child endangerment, an aggravated misdemeanor. The State agreed to make no recommendation at sentencing.[1] The agreement states the court's concurrence "is" a condition to the acceptance of the plea. A second page, headed "ORDER" was attached to the agreement. The blank order contained several options—including an option stating the court "defers its decision as to

---

[1] A special condition in the plea agreement allowed the State to take action if Earnest was determined to "have a criminal history more extensive than revealed in the pleadings."

acceptance or rejection of the Plea Agreement until its receipt of a presentence report." No signed order appears in the record.

In his simultaneously-filed written plea of guilty, Earnest acknowledged a factual basis for the child endangerment offense. Earnest also accepted "the minutes of evidence as substantially true as to the elements" of the charge.[2]

Also on December 12, 2012, the district court filed an "order for pre-sentence investigation and appearance of defendant." The court stated an investigation is ordered on Earnest and checked three items: "plead guilty," "records check," and "request for docket search." The order also set sentencing for February 7, 2013. The February sentencing hearing began with the court stating:

> The file reflects that Mr. Earnest appeared on December 12, 2012, and entered a written guilty plea to the lesser-included offense . . . of child endangerment . . . that being an aggravated misdemeanor. At that time the court did order a records check and set this matter for sentencing.

Thereafter, the parties discussed the informal report, the State declined to make a sentencing recommendation, and defense counsel urged the court to order probation. The court addressed Earnest: "Mr. Earnest, it's now your opportunity to tell me anything you wish for me to consider before I impose judgment and sentence." Earnest responded that he grew up in a house where spanking was a

---

[2] The minutes provide: (1) in April 2012 Marcus Earnest hit his ten-year-old son (birthdate October 2001) with a studded belt and a wooden spoon, breaking the spoon; (2) the police photographed the injuries, and "[t]he child sustained patterned redness and bruising about his lower back, buttock, and forearm"; (3) Earnest told the investigating detective he beat the child with a belt because of the child's behavior at school; (4) during the execution of a search warrant, Earnest's girlfriend admitted she saw Earnest "strike the child with a spoon but not with a belt"; and (5) the police found a broken wooden spoon and a studded belt in Earnest's house.

form of discipline and he made a mistake. Finding Earnest "didn't just spank your child," the court entered judgment and sentenced Earnest to 360 days in jail with 180 days suspended, granted him work release, and ordered him to pay a fine, costs, and victim restitution.

In this direct appeal, Earnest claims trial counsel rendered ineffective assistance by failing to file a motion in arrest of judgment challenging his plea. Earnest contends trial counsel's failure resulted in prejudice per se.

## II. Error Preservation

Generally, a defendant's failure to file a motion in arrest of judgment bars a direct appeal of the conviction. Iowa R. Crim. P. 2.24(3)(a). But this failure does not bar a challenge to a guilty plea if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel. *State v. Allen*, 708 N.W.2d 361, 368 (Iowa 2006).

## III. Scope and Standards of Review

We review Earnest's claims of ineffective assistance of counsel de novo. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). "Ordinarily, we do not decide ineffective-assistance-of-counsel claims on direct appeal," preferring to reserve the issues "for postconviction proceedings so the defendant's trial counsel can defend against the charge." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). But we depart from this preference in cases where the record is adequate to resolve the claim. *Id.* We can resolve the claim presented.

## IV. Ineffective Assistance of Counsel

To establish his ineffective-assistance-of-counsel claim, Earnest must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). Earnest asserts counsel should have filed a motion to arrest judgment because "there is nothing in the record indicating" the court exercised its discretion to waive the plea colloquy or the court discharged its duty to ensure his plea was "made voluntarily and intelligently and has a factual basis." The record does not show the court made "any of the required determinations."

The State argues the requirements of rule 2.8(2)(b) are all explicitly acknowledged by Earnest in his written plea and neither Earnest nor his counsel "ever suggested the plea was unknowing or involuntary."

We turn to our rules of criminal procedure. A district court "*shall not* accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis." Iowa R. Crim. P. 2.8(2)(b) (emphasis added). "Before accepting a plea of guilty, the court must address the defendant personally in open court . . . ." *Id.* But the district "court may, in its discretion and with the approval of the defendant, waive the above procedures in a plea of guilty to a serious or aggravated misdemeanor." *Id.*

In *State v. Meron*, 675 N.W.2d 537, 542-43 (Iowa 2004), the State argued "the absence in the record of any reference to some of the rights required to be discussed under rule 2.8(2)(b) is not fatal because the defendant affirmatively waived the necessity for the court to explain all the requirements of the rule."

*Meron*, 675 N.W.2d at 543. Our supreme court rejected the State's argument and discussed the parameters of waiver:

> [W]hile the rule embraces the use of written waiver forms, neither [case law] nor the waiver language of rule 2.8(2)(b) diminishes the importance and necessity of the court's role to ensure each plea is voluntary, intelligent, and supported by facts. Instead, [case law and the rule] simply recognize that the court, in making its required determination in misdemeanor cases, can use a defendant's written acknowledgement. The language of the waiver portion of the rule . . . explains why it . . . permit[s] the court to waive the procedures, subject to the approval of the defendant . . . . It allows the court, upon examination of a written plea, to waive the necessity of a full in-court colloquy. It does not give the defendant the right to waive the means for the court to determine that the plea is voluntarily and intelligently entered.

*Id.* The court's important role in each case "is not subject to waiver under the rule." *Id.* at 544.

As discussed above, the plea record discloses only Earnest's submission of a written guilty plea form and a court order setting the time for sentencing and requesting the preparation of an informal report. There is nothing in the record indicating the district court exercised its discretion in waiver of the plea colloquy, or discharged its duty to ensure Earnest's plea was made "voluntarily and intelligently and has a factual basis," or accepted Earnest's plea. We decline to "affirm based on the [court's] implicit rather than express discharge of [its] duties under the rule. To hold otherwise conflicts with, rather than advances, the well-established public policy codified in rule 2.8(2)(b) and compromises the integrity of the misdemeanor plea-taking process . . . ." *State v. MacGregor*, No. 03-1136, 2004 WL 792848, at *2 (Iowa Ct. App. April 14, 2004) (citing *Meron*, 675 N.W.2d at 542-45)).

We conclude trial counsel's failure to contest Earnest's plea under these circumstances is a breach of duty resulting in prejudice. *See State v. Randall*, 258 N.W.2d 359, 362 (Iowa 1977) (vacating the judgment and remanding for a hearing to make the determinations required under rule 2.8(2)(b)). We vacate the court's judgment and resulting sentence and remand this case to the district court for further proceedings in conformity with rule 2.8(2)(b).

**REVERSED AND REMANDED.**