# IN THE COURT OF APPEALS OF IOWA

No. 16-0730
Filed April 19, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**WILHELM VONHOFSTEDER,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Plymouth County, Steven J. Andreasen (plea) and Edward A. Jacobson (sentencing), Judges.

The defendant appeals following his pleas of guilty to one count of lascivious acts with a child and three counts of sexual exploitation of a minor. **VACATED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

On November 2, 2015, Wilhelm VonHofsteder was charged in a twelve-count trial information with third-degree sexual abuse, indecent contact with a child, assault with intent to commit sexual abuse, exhibition of obscene material to a minor, and eight counts of sexual exploitation of a minor (possession of a visual medium depicting a minor child engaged in a prohibited sexual act). Pursuant to a plea agreement, VonHofsteder agreed to plead guilty to an amended charge of lascivious acts with a child (count 1) and three counts of sexual exploitation of a minor (counts 5, 6, 7). The parties agreed that the sentences would be run consecutively for a period of eleven years but each party could make its own recommendation on whether the sentences should be imposed or suspended.

At a plea hearing, the prosecutor went over the terms of the written plea agreement and those terms were confirmed by the defendant and defense counsel, including that written pleas concerning the three sexual exploitation counts would be filed. VonHofsteder pled guilty to the charge of lascivious acts with a child. The court specifically found VonHofsteder's plea to the amended charge of lascivious acts with a child was made "voluntarily and intelligently and has a factual basis." Following that guilty plea hearing, VonHofsteder submitted his written guilty pleas to three counts of sexual exploitation of a minor. A sentencing hearing was held, and the district court imposed consecutive sentences for a period not to exceed eleven years in prison. VonHofsteder now appeals.

Generally, "[a] defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a); *see also State v. Fisher*, 877 N.W.2d 676, 680-81 (Iowa 2016) (noting a written plea or waiver of a motion in arrest of judgment can foreclose an appeal when it complies with rule 2.8(2)(d)). However, "he is not precluded from challenging the validity of his plea under a claim of ineffective assistance of counsel." *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011).

On appeal, VonHofsteder contends plea counsel provided ineffective assistance in failing to ensure the district court complied with Iowa Rule of Criminal Procedure 2.8(2)(b) in respect to his written pleas. He contends there is nothing in the record indicating the district court discharged its duty to ensure VonHofsteder's written pleas were made voluntarily and had factual bases.

> We review claims of ineffective assistance of counsel de novo. *Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010). To succeed on an ineffective-assistance-of-counsel claim, a defendant must show by a preponderance of the evidence that: "(1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). "We can affirm on appeal if either element is absent." *State v. McPhillips*, 580 N.W.2d 748, 754 (Iowa 1998).

*Rodriguez*, 804 N.W.2d at 848.

VonHofsteder asserts counsel should have filed a motion to arrest judgment because the record lacks an indication the district court exercised its discretion to waive the plea colloquy or that the court discharged its duty to ensure his plea was made voluntarily and intelligently and has a factual basis.

Our rules of criminal procedure state a district court "*shall not* accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis." Iowa R. Crim. P. 2.8(2)(b) (emphasis added). "Before accepting a plea of guilty, the court must address the defendant personally in open court . . . ." *Id.* If the offense is an aggravated or serious misdemeanor, the court, with the defendant's consent, may waive the personal in-court colloquy required by the rule. Iowa R. Crim. P. 2.8(2)(b)(5); *State v. Meron*, 675 N.W.2d 537, 543 (Iowa 2004). "The waiver language of rule 2.8(2)(b) only means the full in-court colloquy can be waived and the written plea can serve to establish substantial compliance with the rule." *Meron,* 675 N.W.2d at 543.

The written plea agreement provides, in part:

The Defendant admits that the minutes of evidence, any attachments to the minutes of evidence, and any additional minutes of evidence filed in this matter fairly and accurately describe what he did as it relates to the charges he is pleading guilty to. Additionally, the Defendant specifically admits to the following factual basis to support his guilty pleas:

A. COUNT 1: Lascivious Acts with a Child: On July 9, 2015, in Plymouth County, Iowa, the Defendant was 16 years of age or older, and solicited a child under the age of 14 to engage in a sex act. The Defendant and the child were not married at the time. The purpose of soliciting the child was to arouse or satisfy the sexual desires of the Defendant. Specifically, the Defendant who was 56 years old at the time first showed the victim pornography and then fondled and rubbed the genitals of a twelve year old male child, on the outside of the child's clothing, and stated that "pleasuring is not a bad thing."

B. COUNTS 5, 6, 7: Sexual Exploitation of a Minor: On or about July 9, 2015, in Plymouth County, Iowa, the Defendant knowingly possessed visual medium (digital images stored on a compact disc), showing a person under the age of 18 engaged in prohibited sexual acts as defined by Code of Iowa § 728.1(7)(g) (nudity of a minor for the purpose of arousing or satisfying the sexual desires of the person who may view the visual depiction)

and there were three or more separate images of three or more different nude minors.

VonHofsteder's and his attorney's signatures appear just below the following statement:

I KNOWINGLY AND VOLUNTARILY ENTER INTO THIS PLEA AGREEMENT AFTER HAVING HAD ADQUATE TIME TO REVIEW AND CONSIDER IT WITH MY ATTORNEY, MY ATTORNEY HAS ANSWERED ALL OF MY QUESTIONS REGARDING THE PLEA AGREMENT, ANY DEFENSES I MAY HAVE, THE CONSEQUENCES OF PLEADING GUILTY, AS WELL AS THE RIGHTS I AM GIVING UP.

In addition, each of the three signed written pleas includes these statements:

. . . I am GUILTY of the charge of Sexual Exploitation of a Minor, in violation of Iowa Code §§ 728.12(3) and 903B.2, and that no threats or promises have been made to induce me to enter my plea of guilty.
     This crime was committed by me on July 9, 2015, 15:00 p.m. in Plymouth County, Iowa by doing the following: the Defendant knowingly possessed visual medium showing a person under the age of 18 engaged in prohibited sexual acts as defined by Code of Iowa § 728.1(7)(g).
          . . . .
     **I KNOWINGLY AND VOLUNTARILY PLEAD GUILTY AFTER HAVING HAD ADEQUATE TIME TO REVIEW AND CONSIDER THIS WAIVER OF RIGHTS AND GUILTY PLEA DOCUMENT WITH MY ATTORNEY. MY ATTORNEY HAS ANSWERED ALL OF MY QUESTIONS REGARDING IT, ANY DEFENSES I MAY HAVE, THE CONSEQUENCES OF PLEADING GUILTY, AS WELL AS THE RIGHTS I AM GIVING UP. I ASK THE COURT TO ACCEPT MY PLEA AND I WAIVE THE PRECEDING RIGHTS AND MY RIGHT TO HAVE THE COURT ADDRESS ME PERSONALLY REGARDING MY PLEA AND THE SENTENCE IN THIS MATTER.**

At the sentencing hearing, Judge Jacobson stated:

It is my understanding that there were also some aggravated misdemeanor charges besides the felony charge and that the plea taking and the sentencing in those cases will be done on paper and not on the record; is that correct, Counsel?

[PROSECUTOR]: Yes, Your Honor, the guilty pleas were filed in this matter for three aggravated misdemeanor pleas. They will be part of the court's discretion today. Each of those was a violation of sexual exploitation of a minor for possession of child pornography. Each carry a maximum two-year prison term.

THE COURT: All right. The record should also show that on the 28th day of March, I believe, in 2016, the defendant entered into a plea agreement with the State where he would plead guilty to the three aggravated misdemeanors and also the one Class D felony and that the three sentences would run consecutively, not concurrently, correct?

[DEFENSE COUNSEL]: Yes, Your Honor.

[PROSECUTOR]: Yes, Your Honor.

THE COURT: All right. And the court should note that a guilty plea was entered that same day in front of Judge Andreasen on the 28th of March. The presentence investigation that was ordered that day has been received and reviewed by the court and counsel, and more than 15 days has expired since that plea.

So at this time, Mr. VonHofsteder, do you know of any lawful reason why judgment should not be imposed against you?

THE DEFENDANT: No, Your Honor.

THE COURT: [Defense counsel], do you?

[DEFENSE COUNSEL]: No, Your Honor.

. . . .

THE COURT: Okay. It's my understanding now is that the court doesn't have to decide a full range of punishment. The plea agreement has been filed and accepted by Judge Andreasen, and it provided for 11 years of punishment for this crime. And my decision is that 11 years of probationary status or is that 11 years Oakdale and wherever the parole board decides to send him. Am I correct in that?

[PROSECUTOR]: Yes, Your Honor. Judge Andreasen may have reserved the ultimate acceptance of the plea agreement to the sentencing court, but the plea agreement is clear that it is 11 years in prison or 11 years' probation. And if the court would not accept the plea agreement, then we would be back at a trial phase.

THE COURT: Well, Judge Andreasen did at least accept the plea of guilty on these charges?

MR. RAYMOND: Yes, Your Honor.

. . . .

[THE COURT:] The court finds that on March 28th, 2016, the defendant pled guilty to the offenses shown. The court has read the presentence investigation report on file, heard the arguments of counsel and looked at the exhibits filed by counsel, together with the victim impact statement and being duly advised in the premises, it is now ordered that the defendant is guilty and convicted in Count

1 of lascivious acts with a child in violation of 709.8(1)(d) of the Iowa Code and also 903B.2 of the Iowa Code.

In Counts 5, 6 and 7, the defendant is found guilty of sexual exploitation of a minor in violation of 728.12(3) and 902B.2 of the Iowa Code. Pursuant to 911.1 of the code and 902.9(5) of the code, defendant is sentenced to an indeterminate term of incarceration not to exceed five years on Count 1, two years on Count 5, two years on Count 6, and two years on Count 7.

We agree the record fails to show that the trial court made the required determinations that a factual basis existed for the written pleas or that the written pleas were voluntarily and intelligently entered. There is also no record the written pleas were accepted by the court. Accordingly, it would be premature for us to determine if a factual basis existed for the pleas. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("[I]ssues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). We conclude the proper remedy is a vacation of the conviction and remand for a determination of whether a factual basis existed for the written pleas and if they were freely and voluntarily entered. *See State v. Randall*, 258 N.W.2d 359, 362 (Iowa 1977) (concluding where the court failed to make a determination that a factual basis existed, "the proper remedy is vacation of judgment and remand for determination of whether a factual basis exists"). If the court determines there is a factual basis for the pleas and the pleas were voluntarily and intelligently entered, the court shall determine if the pleas should be accepted. If accepted, the defendant shall be resentenced. *See id.* If no factual basis exists or the

pleas were not voluntarily or intelligently entered, the pleas shall be set aside and shall proceed as if no guilty plea was tendered.[1] *See id.*

We vacate the trial court's judgment entered on the convictions for sexual-exploitation and the resulting sentences and remand to the district court for a hearing to make the determinations required under rule 2.8(2)(b) and proceed as we have directed.

**VACATED AND REMANDED.**

---

[1] We have referred to the pleas in plural; however, obviously the trial court must consider each plea in making these determinations and may accept or reject each or all pleas.