STATE of Iowa, Appellee,

v.

Michael Osei MENSAH, Appellant.

No. 87–901.

Supreme Court of Iowa.

June 15, 1988.

Charles L. Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Sp. Asst. Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellee.

Considered by HARRIS, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

NEUMAN, Justice.

In this appeal defendant Michael Osei Mensah challenges his conviction and sentence for operating a motor vehicle while intoxicated (OWI), first offense. *See* Iowa Code § 321J.2(2)(a) (1987). Mensah claims the district court erred by accepting his written guilty plea contrary to the requirements of Iowa Rule of Criminal Procedure 8(2)(b). He also contends that the court erred in sentencing by considering a prior deferred judgment. We affirm.

█ Mensah, a citizen of Ghana, has been a post-doctoral student at the University of Iowa since 1980. In April 1987, he was arrested and charged with OWI. At arraignment, Mensah's attorney filed a written guilty plea on his behalf. The district court accepted the plea without requiring Mensah's presence. At sentencing, Mensah appeared in court along with his attorney. The court declined Mensah's request for a deferred sentence and ordered him to serve forty-eight hours in jail and pay a $500 fine. On appeal,[1] Mensah challenges both his conviction and sentence.

I. Mensah's challenge to his conviction is two-pronged. First, he attacks the plea's factual basis and, second, its voluntariness. Both challenges are grounded in his claim that the plea was accepted in violation of Iowa Rule of Criminal Procedure 8(2)(b), which provides in pertinent part:

> The court ... shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis.

> Before accepting a plea of guilty, the court must address the defendant personally in open court.... The court may, in its discretion and with the approval of the defendant, waive the above procedures in a plea of guilty to a serious misdemeanor.

█ We turn first to Mensah's claim that his guilty plea was without factual basis. The trial information charged that Mensah was operating a motor vehicle at a time when his blood alcohol level was .155. The written guilty plea tendered to the court included Mensah's handwritten admission: "I was driving while intoxicated." Based on this statement, the breath test results, and unrefuted minutes of testimony evidencing Mensah's inability to pass field sobriety tests after his vehicle was stopped, the court accepted Mensah's guilty plea.

Despite this record, Mensah claims that our rulings in *State v. Fluhr*, 287 N.W.2d 857 (Iowa 1980), and *Ryan v. Iowa State Penitentiary*, 218 N.W.2d 616 (Iowa 1974), compel us to set aside his plea. We cannot agree. In *Fluhr*, we set aside a defendant's plea because we found neither the written plea form nor the plea colloquy

---

1. Defendant did not challenge the plea proceedings by a motion in arrest of judgment, a failure ordinarily precluding appellate review of the plea. *See* Iowa R.Crim.P. 23(3)(a). Here, the district court failed to inform defendant of his right to file such a motion and the consequences for failure to do so. *See* Iowa R.Crim.P. 8(2)(d). Under our holding in *State v. Worley*, 297 N.W. 2d 368, 370 (Iowa 1980), defendant may challenge his plea on appeal.

adequate to establish the defendant's criminal intent, one of the essential elements of the charge of theft. *Fluhr*, 287 N.W.2d at 866. Unlike the subjective concerns raised by *Fluhr's* offense, OWI requires establishment of only two elements: operating a motor vehicle, and doing so while legally intoxicated. Both elements were adequately established here. In *Ryan*, we rejected a plea because its sole factual basis was the defendant's summary statement that he did what was charged in the trial information. *Ryan*, 218 N.W.2d at 618–19. As in *Ryan*, Mensah's admission was brief, but we find it was neither conclusory nor expressed in terms lifted directly from the criminal statute. Like the district court, we conclude that the record adequately established a factual basis for Mensah's plea to the OWI charge.

■ Mensah also claims that his plea was not shown to have been voluntarily or intelligently entered. His argument focuses on the fact that the court did not personally address him before accepting his plea and thus had no basis from which to determine its voluntariness.

The personal colloquy requirement, like the other components of rule 8(2)(b), codifies the due process mandate that a waiver of constitutional rights, implicit in all guilty pleas, must be made voluntarily. *Fluhr*, 287 N.W.2d at 863. In the case of serious misdemeanors, the legislature expressly authorizes judges to dispense with rule 8(2)(b) procedures with the defendant's approval. Mensah was charged with a serious misdemeanor, *see* Iowa Code § 321J.2(2)(a), and his written plea detailed his understanding and knowing waiver of all the rule 8(2)(b) requirements except the personal colloquy.

If the court had conducted a colloquy with Mensah, we would have a record for appellate review of Mensah's subjective understanding of the charges against him and his intention to waive his constitutional rights. *See Fluhr*, 287 N.W.2d at 863. Had Mensah included an express waiver of his right to a colloquy with his written plea, this record would likewise be sufficient to meet the rule 8(2)(b) requirements. Find-ing neither colloquy nor waiver, we must examine the record for further indicia of substantial compliance with the rule. *See Fluhr*, 287 N.W.2d at 864.

A pretrial order in this matter expressly authorized Mensah to waive his presence at the plea proceedings by having his attorney file a written plea by a specific date. Mensah's attorney filed the guilty plea before the deadline. At the sentencing hearing, the court reviewed with Mensah the factual basis for the OWI charges, the nature and potential penal consequences of the offense, and then offered him an opportunity to withdraw his plea. The record reveals that Mensah chose to stand by his admission of guilt. These circumstances, together with the other components of his written plea, satisfy us that Mensah's plea was knowing and voluntary.

■ II. Next we consider Mensah's claim that the district court erred by considering a prior deferred judgment in selecting Mensah's sentence for OWI. The record reveals that Mensah had been twice previously found guilty of public intoxication. For one of those charges, he had been granted a deferred judgment. Mensah claims that any consideration of this prior offense runs afoul of the policy underlying the deferred judgment process.

We have said that the purpose of a deferred judgment

is to permit a defendant to avoid otherwise inevitable conviction and judicial record of the criminal charge by satisfactorily meeting terms of probation voluntarily undertaken.

*State v. Farmer*, 234 N.W.2d 89, 92 (Iowa 1975). By successfully completing probation, the defendant may be discharged without entry of judgment, thereby avoiding the stigma resulting from conviction. *State v. Frazer*, 402 N.W.2d 446, 448 (Iowa 1987). In other words, a deferred judgment gives a first-time offender a second chance and an opportunity to escape the permanent effect of an isolated incident of bad judgment.

The question posed by this appeal is whether the purpose of deferred judgment

is defeated if a sentencing court considers such judgment when sentencing a defendant for a *subsequent* offense. We think not.

Sentencing judges have broad discretion in deciding what to consider in selecting criminal sanctions. *State v. Cole*, 168 N.W.2d 37, 40 (Iowa 1969) (sentencing judge should utilize fullest information possible concerning defendant's life and characteristics). We have held that evidence of prior criminal activity, even if not leading to conviction, may properly be considered in sentencing. *See e.g., State v. Mateer*, 383 N.W.2d 533, 538 (Iowa 1986) (court properly considered behavior which led to charges against defendant, but would also have supported conviction of more serious offense); *State v. Post*, 286 N.W.2d 195, 204 (Iowa 1979) (court properly considered evidence of defendant's involvement with stolen property even though defendant was acquitted of car theft); *State v. Swartz*, 278 N.W.2d 22, 26 (Iowa 1979) (court properly considered evidence from prior conviction for possession of controlled substance with intent to deliver which was set aside due to illegal search).

Moreover, Iowa Code section 907.5 provides that prior to deferring judgment or suspending sentence

> the court first shall determine which option ... will provide maximum opportunity for the rehabilitation of the defendant and protection of the community from further offenses by the defendant and others. In making this determination, the court shall consider ... *the defendant's ... prior record of deferments of judgment* ... and such other factors as are appropriate.

(Emphasis added.) Here, Mensah's failure to learn his lesson from his former involvement with the law bore directly on his prospect for successful rehabilitation without more severe sanction. Indeed, since Mensah requested deferred judgment for the OWI offense, the court was obligated under section 907.5 to consider any former deferred judgments he may have been granted.

We have considered both of Mensah's assigned errors and find them to be without merit. Accordingly, his conviction and sentence are hereby affirmed.

AFFIRMED.