# IN THE COURT OF APPEALS OF IOWA

No. 15-0583
Filed January 13, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JUSTIN DANIEL SPURGEON,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Lee (South) County, John M. Wright, Judge.

      A defendant appeals his sentence, challenging the district court's failure to grant him a deferred judgment. **AFFIRMED.**

      William C. Glass, Keosauqua, for appellant.

      Thomas J. Miller, Attorney General, and Kevin Cmelik and Kyle Hanson, Assistant Attorneys General, for appellee.

      Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

Justin Spurgeon pled guilty to possession of marijuana with intent to deliver. *See* Iowa Code § 124.401(1)(d) (2013). The district court sentenced him to a prison term not exceeding five years and suspended the sentence. On appeal, Spurgeon contends the district court "abused its discretion in not granting him a deferred judgment."

Iowa Code section 907.5(1) sets forth the factors a court must consider before "deferring judgment, deferring sentence, or suspending sentence." The district court engaged in a lengthy recitation of the pertinent factors. *See State v. McKeever*, 276 N.W.2d 385, 387 (Iowa 1979) ("[E]ach decision must be made on an individual basis, and no single factor . . . will be solely determinative.").

The court considered Spurgeon's age of twenty-six, disagreeing with defense counsel that this age justified lenient treatment as a "youthful offender." The court acknowledged Spurgeon "did well on pretrial supervision" but noted the crime he committed was a felony and the fact he committed the crime for profit rather than personal use did not change the illegal nature of the activity. The court also considered Spurgeon's receipt of a deferred judgment for a prior crime. In the court's view, Spurgeon did not "learn a lesson from" his successful completion of probation in that case. *See State v. Mensah*, 424 N.W.2d 453, 456 (Iowa 1988) ("Mensah's failure to learn his lesson from his former involvement with the law bore directly on his prospect for successful rehabilitation without more severe sanction."). Finally, the court gave little credence to Spurgeon's newly-expressed desire to obtain a high school degree, pointing out that Spurgeon failed to pursue the goal up to this point.

We conclude the court appropriately exercised its discretion in accepting the State's recommendation of a suspended sentence over the defense's recommendation of a deferred judgment. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("Discretion encompasses a range of reasonable choices upon which individual judges may differ."). Discerning no abuse of discretion, we affirm Spurgeon's sentence.

**AFFIRMED.**