## IN THE COURT OF APPEALS OF IOWA

No. 16-0823
Filed November 9, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**EMMANUEL TERRILL PLEDGE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof, District Associate Judge.

A defendant who pleaded guilty to driving while barred appeals his prison sentence. **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Kristin A. Guddall, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Emmanuel Pledge asks to be resentenced. He alleges the district court abused its discretion by imposing a prison sentence for his driving-while-barred conviction. Because the district court appropriately focused on Pledge's multiple prior convictions for the same crime and the need for a prison sentence to deter future offenses, we find no abuse of discretion.

An Iowa State Patrol officer stopped Pledge for speeding in August 2015 and discovered Pledge was barred from driving as an habitual offender until July 2021. The State charged Pledge with an aggravated misdemeanor—operating a motor vehicle while license is barred, in violation of Iowa Code section 321.560 (2015), as an habitual offender.

In a written guilty plea dated October 10, 2015, Pledge acknowledged the factual basis for his offense and recognized the court could sentence him "to prison not to exceed two years and fine [him] between $625.00 and $6250.00, plus surcharge and court costs." In the written plea, Pledge expressly waived his right to be present and participate in an in-court plea colloquy and his right to be personally present and address the court at sentencing. On October 20, the district court issued an order accepting Pledge's written guilty plea to the driving-while-barred offense.

In a May 13, 2016 sentencing order, the court noted Pledge appeared with counsel and waived reporting of the plea and sentencing hearing. The sentencing order offered the following insight into the unreported hearing:

> Defendant was given an opportunity to speak in mitigation of the sentence. The following sentence is based on all of the available sentencing considerations set out in Iowa Code Section 907.5. The

> Court finds the following factors the most significant to determine this particular sentence:
> > The nature and circumstances of the crime;
> > Defendant's criminal history, or lack thereof; [and]
> > Other[:] Defendant has over [ten] convictions for this same offense and the many different attempts at probation and shorter sentences that did not prevent further offenses.

The court imposed an indeterminate two-year term of incarceration with credit for time served, running the time concurrently with another pending sentence. The court imposed a $1500 fine but suspended it due to Pledge's incarceration. On appeal, Pledge contends the court abused its sentencing discretion.

When the district court imposes a sentence within the statutory limit, the sentence is "cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We review the district court's imposition of sentence for an abuse of discretion. *See State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). The court abuses its discretion when its decision is based on "clearly untenable" grounds or the extent of discretion exercised is "clearly unreasonable." *Id.* A court's sentencing rationale is "untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Id.* Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to provide "at least a cursory explanation" for the sentence imposed to allow for appellate review of its exercise of discretion. *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). "[I]f the defendant waives reporting of the sentencing hearing and the court fails to state its reasons for the sentence in the written sentencing order, the court has abused its discretion . . . ." *State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014).

On appeal, Pledge complains the sentencing court considered only his criminal history at the expense of other factors. Pledge contends he had "no opportunity to address the Court on the record," and because a pre-sentence investigation was not conducted, "it is unknown whether [he] was taking steps to improve his behavior (for instance, completing substance abuse treatment or counseling, or having gained stable employment) which would make prison an unsuitable option for rehabilitation."

The State responds that the sentencing court expressly stated that its sentence was based on *all* of the circumstances in section 907.5.[1] Then the court identified the most significant factors driving its sentencing decision.[2] The State argues it was "not only logical but appropriate" for the court to choose incarceration over probation given Pledge's ten prior convictions for driving while barred. The State further highlights the sentencing court's concern that "many different attempts at probation and shorter sentences . . . did not prevent further offenses." *See State v. Mensah*, 424 N.W.2d 453, 456 (Iowa 1988) ("[The

---

[1] Iowa Code section 907.5(1) states:

> Before . . . suspending sentence, the court first shall determine which option, if available, will provide maximum opportunity for the rehabilitation of the defendant and protection of the community from further offenses by the defendant and others. In making this determination, the court shall consider all of the following:
> a. The age of the defendant.
> b. The defendant's prior record of convictions . . . .
> c. The defendant's employment circumstances.
> d. The defendant's family circumstances.
> e. The defendant's mental health and substance abuse history
> and treatment options available in the community and the correctional
> system.
> f. The nature of the offense committed.
> g. Such other factors as are appropriate.

[2] The court was not required to give reasons for rejecting a particular sentencing option. *See State v. Loyd*, 530 N.W.2d 708, 713–14 (Iowa 1995); *accord State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).

defendant's] failure to learn his lesson from his former involvement with the law bore directly on his prospect for successful rehabilitation without more severe sanction.").

The State also debunks Pledge's contention he did not have a chance to present mitigating circumstances to the sentencing court. Pledge opted to file a written guilty plea and waived reporting of his sentencing hearing. But the sentencing order states: "Defendant was given an opportunity to speak in mitigation of the sentence." We are not persuaded on this record.

The sentencing order did contain some troubling boilerplate, including the phrase—"defendant's criminal history, or lack thereof"—which tells us nothing about the court's exercise of discretion. But the sentencing court cured that problem by inserting into the order its reasons for choosing the particular sentence for Pledge's offense. *See Thompson*, 856 N.W.2d at 921 ("In this age of word processing, [a court] can use forms . . . to check the boxes indicating the reasons why a [court] is imposing a certain sentence. If the choices in the order need further explanation, the [court] can do so by writing on the order or adding to the order using a word processing program. If the sentencing order does not have boxes similar to the ones in this case, the [court] can use [its] word processor to insert the reasons for a particular sentence.").

The court's addition to the sentencing form indicated its concern about Pledge's incorrigible behavior in driving while his license was barred and imposed incarceration because his prior probationary sentences had not worked to deter his identical criminal conduct. "Enhancing punishment based on recidivism fulfills the legitimate goals of incapacitation and deterrence." *State v.*

*Oliver*, 812 N.W.2d 636, 646 (Iowa 2012). We find no abuse of discretion in the imposition of a period of incarceration or in the court's stated reasons for that sentence.

**AFFIRMED.**