# IN THE COURT OF APPEALS OF IOWA

No. 23-1322
Filed May 8, 2024

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**TYLER MICHAEL FONTANINI,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Hancock County, Karen Kaufman Salic, Judge.

 Tyler Michael Fontanini appeals the sentences imposed by the district court after pleading guilty. **AFFIRMED.**

 Martha J. Lucey, State Appellate Defender, and Michelle E. Rabe, Assistant Appellate Defender, for appellant.

 Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.

 Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

Tyler Michael Fontanini appeals the sentences imposed by the district court after pleading guilty to first-degree harassment and assault with intent to commit sexual abuse. He contends the court abused its discretion when sentencing him by failing to consider certain mitigating factors. Because we find no abuse of discretion, we affirm the sentences.

### I.     Background Facts and Proceedings.

On September 17, 2022, the Britt Police Department was dispatched to a local bar called Hob Nob. When officers arrived, the bar owner reported to them that Fontanini, who had by then left the premises, was angry with an unknown customer and had threatened to shoot bar staff and patrons. The bar owner recovered a pair of brass knuckles from Fontanini prior to his departure from the bar. Following a brief investigation, the State charged Fontanini with first-degree harassment.

Just a few weeks later, in November, Fontanini was involved in another, unrelated incident. While S.E.[1] was driving Fontanini home from work, he "lunged over the center console and forced his fingers down her pants and into her vagina as he kissed her," causing her to bleed. S.E. fled, leaving her car in Fontanini's driveway, and her husband picked her up nearby. S.E. reported the incident to law enforcement and later completed a sexual assault collection kit at a nearby hospital.

---

[1] We intentionally use initials to protect the identity of the victim.

During this time, the Hancock County Sheriff's Office went to Fontanini's residence to investigate. Officers collected evidence, including swabs and the clothing Fontanini was wearing, and observed blood on Fontanini's fingers, which "he stated came from [S.E.] because she was menstruating." Following the investigation, the Sheriff's Office arrested Fontanini for third-degree sexual abuse.

Fontanini filed written guilty pleas to both first-degree harassment and assault with intent to commit sexual abuse.[2] The court accepted the pleas and ordered a Presentence Investigation Report (PSI).

At a combined sentencing hearing, the State recommended a suspended sentence not to exceed two years on the harassment charge and incarceration not to exceed two years for the assault. Fontanini in turn read a statement wherein he apologized and stated he had become sober and moved to Colorado with his girlfriend since the arrests and was working as a supervising manufacturing engineer. He asked the court to impose a suspended sentence, with the ability to serve his probation in Colorado so he could continue working. In response, a crisis advocate read S.E.'s victim impact statement into evidence. In it, S.E. explained how the events upended her life, describing the severe anxiety and fear she has felt since the assault. She noted the interpersonal and financial difficulties this has put on herself and her family because she struggles to "[leave the] house for longer than five minutes or even be[] alone." Finally, she asked the court to put Fontanini

---

[2] These charges were filed separately but resolved by global plea agreement and addressed at a single sentencing hearing. Fontanini appealed both cases and the appeals were consolidated by order of the Iowa Supreme Court before transfer to this court for resolution on the merits.

"on probation or parole for life . . . so [he is] not ever able to do this to someone else" and require him to register as a sex offender.

The court ultimately did require Fontanini to register as a sex offender under Iowa Code section 692A.103. It also sentenced Fontanini to 180 days for the harassment charge and up to two years for the assault charge, ordering the sentences to be served consecutively. Fontanini appeals, contending the district court abused its discretion in sentencing.

## II.     Review.

We review sentences for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). The sentencing court is given "broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). This discretion "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor" and we will only reverse for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion occurs when "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

## III.     Discussion.

Fontanini argues the district court abused its sentencing discretion by failing to consider certain mitigating factors and declining to suspend incarceration coupled with a period of probation. He specifically cites his limited criminal history,[3]

---

[3] Fontanini claims that the more significant charges in his criminal history were disposed of through deferred judgment. We permit the sentencing court to "consider[] such judgment[s] when sentencing a defendant for a *subsequent* offense." *State v. Mensah*, 424 N.W.2d 453, 456 (Iowa 1988).

stable employment, remorse for the offenses, and the court's alleged failure to detail "what substance abuse and/or sex offender treatment options were available to Fontanini in the community and the correctional system, as mandated by Iowa Code § 907.5(e)."[4] But he fails to explain how this exercise of discretion was somehow "untenable or unreasonable." *Formaro*, 638 N.W.2d at 724.

While the court must "consider all the circumstances of a particular case . . . it is [not] required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) (internal citation omitted). In fact, "the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.* But the sentencing court here *expressly mentioned* that it was considering Fontanini's "prior criminal history, employment," and other circumstances when making its decision. As to Fontanini's accountability for his actions, the court explained its reasoning for the imposed sentence:

> The other issue that obviously stands out is that, you know, here today you've indicated, you know, that you're regretful for your actions and ask for forgiveness and apologize, that's very at odds with the information contained in the [PSI] where basically, you know, you blame the victim for, you know, drugging you and, you know, I guess seeming to word it as though this was some sort of consensual sexual activity.[5] These things don't align obviously; either you've committed a crime or you didn't. You've pled guilty to it but you've minimized it, which creates a significant risk because you're not fully taking accountability for your actions. As we hear from the Victim

---

[4] The sentencing court did note that "I don't know what supervision is going to look like for you in Colorado. I don't know what their treatment options are and that sort of thing so that creates some concerns as well."

[5] In the PSI, Fontanini recounted his own version of the events, where he alleged that S.E. and he went to a bar on the way home from work. He stated that, "[o]nce there, [S.E.] gave me drinks and when she gave them to me she said 'this is going to fuck you up.' Then we left and I asked her to pull over. She pulled over and we engaged in [consensual] sexual activity."

Impact Statement, which obviously I have taken into account to the extent I can as well, your actions have had an extensive impact on the person that you chose to victimize and that continues to this day and you seem rather oblivious to that other than a statement here today that you're sorry. I don't see that from your actions, particularly not your statements to the presentence investigator, and I have some real concerns about your ability to be successful on probation.

The court considered all the circumstances of the case, including the mitigating factors expressed by Fontanini. But it also weighed such factors against the severity and nature of the offenses, his criminal history, the significant impact to the victim, and his potential lack of success on probation:

> Mr. Fontanini, obviously these are very troubling criminal offenses. They're obviously very separate, different people involved with it. It appears alcohol likely played a factor in both of these.
> . . . .
> There obviously is a great deal of benefit in you obtaining sobriety and obviously you need to maintain that, but there's some other concerns too. I haven't heard anything about any anger management treatment, any sex offender treatment that really are the kind of things that you need to work on the most specifically to make sure these things don't recur. You've relocated, which has been a great relief to your victim of one of the offenses, and I imagine that would continue to be the case, but that creates some problems too because I don't know what supervision is going to look like for you in Colorado. I don't know what their treatment options are and that sort of thing so that creates some concerns as well.

"Yet, this does not mean the choice of one particular sentencing option over another constitutes error." *Formaro*, 638 N.W.2d at 725. Because the court did not "rel[y] on impermissible factors" when sentencing, we find no abuse of discretion. *West Vangen*, 975 N.W.2d at 355.

## IV. Disposition.

Because we find no abuse of discretion by the sentencing court, we affirm Fontanini's sentences.

**AFFIRMED.**