# IN THE COURT OF APPEALS OF IOWA

No. 25-0254
Filed October 29, 2025

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**CLAYTON THOMAS SHAW,**
     Defendant-Appellant.
_____


Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.


A defendant appeals the sentence imposed by the district court. **AFFIRMED.**


Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


Considered without oral argument by Tabor, C.J., and Ahlers and Langholz, JJ.

**AHLERS, Judge.**

Clayton Shaw pleaded guilty to possession of heroin with intent to deliver as an habitual offender. The district court rejected Shaw's request for a suspended sentence and sentenced him to prison. Shaw appeals. He contends the district court abused its discretion by imposing the prison sentence.

We have jurisdiction of Shaw's appeal despite his guilty plea because he established good cause by challenging his sentence. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). We review for abuse of discretion. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). The district court abuses its discretion when its sentencing decision is clearly unreasonable or based on clearly untenable grounds. *Id.*

Shaw contends the district court abused its discretion because it "failed to consider his chance for successful efforts at treatment" and "failed to account for his post-offense efforts at rehabilitation." But this contention is not supported by the record. The district court gave this explanation for its sentencing decision:

> The court has had an opportunity before going on the record to review the presentence investigation report and review the docket entries in the [pending probation-revocation] matters as well.
> Mr. Shaw, even though our paths crossed about fifteen months ago, I don't recall that interaction. I have no reason to doubt that you made much the same pleas that you are making today for much the same reason. And, again, whether it was because this was an agreement of the parties or I was persuaded by your allocution, I determined that your place was best in the community to pursue a path toward rehabilitation. Sir, you've squandered that opportunity.
> I am—I'm not going to say amazed, but it is a—you have racked up a considerable criminal record for a young, I believe it was twenty-seven years old. And I don't believe and agree with yours and [defense counsel]'s assessment that another opportunity to remain in the community is appropriate because I not only have to look at your purported efforts at rehabilitation as that being a goal, but also the protection of the public. And right now your continued

> presence in the community poses a significant danger to the community by virtue of the conduct you engage in for whatever reason, whatever motivation, it's just not appropriate, and the only way that I believe you can realistically pursue a path toward rehabilitation is in the custody of the Department of Corrections.
>
> . . . The Court believes that this disposition, taking into account all the information available to it in these files, will provide the defendant the maximum opportunity, albeit within a correctional setting, to pursue a path toward rehabilitation, and the only option that the court believes is reasonably designed to further protect the public.
>
> . . . .
>
> By separate order in [pending probation-revocation] cases your probation will be revoked, and those sentences will be imposed. Consecutive sentences are being imposed today due to the separate and serious nature of the offenses in question, and to reflect the fact that the crime at issue that you're being sentenced on was committed while you were on probation.

This explanation affirmatively rebuts Shaw's claim that the court did not consider his prospects for rehabilitation or treatment in prison versus on probation. The court properly considered those prospects. But the court also properly considered Shaw's extensive criminal history and the need to protect the community in arriving at the decision to impose a prison sentence. *See State v. Mensah*, 424 N.W.2d 453, 456 (Iowa 1988) (affirming sentence imposed in part because the defendant's "failure to learn his lesson from his former involvement with the law bore directly on his prospect for successful rehabilitation without more severe sanction"); *see also State v. Oliver*, 812 N.W.2d 636, 650 (Iowa 2012) (noting that "a recidivist offender is more culpable and thus more deserving of a longer sentence than a first-time offender").

We discern no abuse of the district court's sentencing discretion. Accordingly, we affirm.

**AFFIRMED.**