# IN THE COURT OF APPEALS OF IOWA

No. 15-1381
Filed February 8, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JEFF ALLEN DEVRIES,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Floyd County, DeDra L. Schroeder

(plea/sentencing) and James M. Drew (motion to withdraw plea), Judges.


A defendant appeals his conviction and sentence. **AFFIRMED.**


Roger L. Sutton of Sutton Law Office, Charles City, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.


Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**VOGEL, Presiding Judge.**

Jeff DeVries appeals his conviction and sentence following his guilty plea to indecent contact with a child, in violation of Iowa Code section 709.12(1)(a) (2013). DeVries claims the district court erred by denying his request to withdraw his guilty plea and by considering uncharged conduct in sentencing him. Because we conclude the district court did not abuse its discretion in either respect, we affirm.

## I.     Background Facts and Proceedings

On August 21, 2014, the State charged DeVries with ten counts, including three counts of sexual abuse in the second degree and seven counts of indecent contact with a child. On April 3, 2015, the State filed an amended trial information, which charged DeVries with one count of sexual abuse in the second degree and one count of indecent contact with a child. On April 20, DeVries pled guilty to one count of indecent contact with a child as part of a plea agreement in which the State agreed to dismiss the sexual-abuse count and make a sentencing recommendation.

At the plea hearing, DeVries answered "Yes" when asked whether he touched the victim's buttocks "with the purpose of arousing or satisfying your sexual desire or hers." The court accepted DeVries's guilty plea and ordered a presentence investigation (PSI). As part of the PSI, a psychosexual assessment was performed by a psychologist, and DeVries admitted that he became aroused after "accidentally" touching the victim's buttocks and that on a subsequent occasion he fondled the victim over her clothing. DeVries also said the victim "was a good little story teller" and the situation had been "blown out of

proportion." When discussing the incident with the preparer of the PSI report, DeVries denied that he touched the victim for the purpose of sexual arousal, claimed the information in the minutes of testimony was untrue, said he told the psychologist that he was aroused by the touching because he did not think the psychologist wanted to hear the truth, and accused the victim of lying. The PSI report noted that DeVries may be a good candidate for probation because he had no prior criminal record and could maintain employment and a stable residence. However, based on the nature of the crime, DeVries's "complete lack of remorse for the victim, and his denial of responsibility for his behavior in this case," the reporter opined DeVries "would not be successful in sex offender treatment in the community and/or following the conditions of sex offender probation supervision." Therefore, he recommended that DeVries be sentenced to two years of incarceration.

On the date initially set for sentencing, a dispute arose between DeVries and the State over whether the State had agreed to recommend a suspended sentence or follow the recommendation from the PSI report. DeVries also took issue with some of the information in the PSI report; the court continued sentencing until a hearing could be reported. DeVries filed a motion to withdraw his plea claiming, "Defendant's attorney did not hear the Judge state that the State was going to follow the recommendations of the presentence investigation report." DeVries also asserted the plea now lacked a factual basis and the PSI report contained uncharged conduct. The district court reviewed the record from the plea hearing, determined DeVries had a full understanding of the agreement before entering his plea, and denied DeVries's motion to withdraw his guilty plea.

A sentencing hearing was held on August 10. DeVries raised concerns about information contained in the PSI that described conduct that he did not admit to as part of his guilty plea. After a discussion on the record, all parties agreed the court "should only be considering admissions [DeVries] made during guilty plea proceedings or admissions he made to the Presentence Investigation Report preparer or the Psychosexual Report Preparer" related to the charged conduct. Both the State and DeVries agreed to proceed with sentencing with the court stating on the record that it was not considering the uncharged conduct discussed in the PSI report. In pronouncing sentence, the court stated that it went through the PSI report and "basically blocked out the areas that did not conform to the factual basis that were given initially." The court then noted DeVries's age, criminal history, employment history, the nature of the offense, and DeVries's prospects for rehabilitation. The court discussed its concern about DeVries's options for treatment and rehabilitation outside of prison based on the inconsistencies in the PSI report relating to the charged conduct and the best way to protect society. The court then sentenced DeVries to a term of imprisonment not to exceed two years. DeVries appeals.

## II.     Standard of Review

"We review a trial court's decision to grant or deny a request to withdraw a guilty plea for abuse of discretion." *State v. Speed*, 573 N.W.2d 594, 596 (Iowa 1998). A court abuses its discretion when the court exercises it "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* (citations omitted).

When a sentence falls within statutory limits, the sentence is reviewed for abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "A district court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the defendant committed the offense, or (2) the defendant admits it." *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001).

### III.    Motion to Withdraw Guilty Plea

DeVries asserts the court erred in denying his motion to withdraw his guilty plea because the PSI report contained discussion of conduct he had not admitted to as part of his plea. The State counters DeVries was fully aware of the consequences of his plea at the time he entered it.

A motion to withdraw a guilty plea will not be granted "where 'a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear or persuasion.'" *State v. Ramirez*, 400 N.W.2d 586, 588 (Iowa 1987) (quoting *State v. Weckman*, 180 N.W.2d 434, 436 (Iowa 1970)). Iowa Rule of Criminal Procedure 2.8(2)(b) provides:

> Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>> (1) The nature of the charge to which the plea is offered.
>> (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.
>> (3) That a criminal conviction, deferred judgment, or deferred sentence may affect a defendant's status under federal immigration laws.
>> (4) That the defendant has the right to be tried by a jury, and at trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to

be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance.

(5) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial.

Our review of the record indicates the trial court complied with the requirements of rule 2.8(2)(b) in accepting DeVries's plea and DeVries plainly and unequivocally stated that he understood the rights and consequences of his guilty plea. In addressing DeVries's motion to withdraw his guilty plea, the court reviewed the plea hearing colloquy and determined DeVries entered his plea knowingly and voluntarily and the hearing complied with rule 2.8. As our review reached the same conclusion, we cannot say the court abused its discretion in denying DeVries's motion. We also agree with the district court that DeVries's unhappiness with the information offered in his PSI report does not affect his understanding of his guilty plea when he entered it and is not an adequate reason for withdrawing his guilty plea. *See id.* We affirm the denial of DeVries's motion to withdraw his guilty plea.

## IV. Sentencing Considerations

DeVries claims the district court abused its discretion by considering information contained in the PSI report that was uncharged and distinct from the factual basis of his guilty plea.

When exercising its discretion in determining a proper sentence, the court should consider several factors, "including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979).

In evaluating these factors, the court should strive to order a sentence that "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5.

The record reflects the district court did not consider the conduct contained in the PSI that was separate from the conduct DeVries admitted to as part of his guilty plea. The parties and the court discussed the issue at length at the sentencing hearing and agreed that the court should not and would not consider the uncharged conduct in determining an appropriate sentence. When pronouncing sentence, the district court stated it did not consider the charges and had "basically blocked out the areas that did not conform to the factual basis that were given initially." The court discussed at length DeVries's age, criminal record, employment history, the nature of the offense, possibility of rehabilitation, and community-safety concerns in fashioning sentence. Although the court was concerned about the inconsistencies between DeVries's plea colloquy, his statements to the psychologist, and his statements to the author of the PSI, that concern was directed towards the court's assessment of DeVries's chances of successful rehabilitation. Thus, the concern was correlated to the actual sentencing factors appropriately utilized. On our review of the record, we conclude the district court did not abuse its discretion in sentencing DeVries.

**V.    Conclusion**

Because we conclude the district court did not abuse its discretion in denying DeVries's motion to withdraw his guilty plea nor in sentencing DeVries, we affirm his conviction and sentence.

**AFFIRMED.**